T.C. Memo. 2002-180

UNITED STATES TAX COURT

RAINER B. AND SONJA D. WAGNER, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 13046-01L.                    Filed July 31, 2002.

Rainer B. and Sonja D. Wagner, pro sese.

<u>Wendy S. Harris</u> and <u>Scott Hovey</u>, for respondent.

MEMORANDUM OPINION

POWELL, <u>Special Trial Judge</u>:  This matter is before the
Court on respondent's Motion For Summary Judgment And To Impose A
Penalty Under I.R.C. Section 6673, filed pursuant to Rule 121.[1]
Respondent contends that there is no dispute as to any material
fact with respect to this levy action, and that respondent's
determination to proceed with collection of petitioners'

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, as amended, and all Rule references
are to the Tax Court Rules of Practice and Procedure.

outstanding tax liabilities for 1997 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

## Background

A.  Petitioners' Income Tax Return for 1997

On or about May 7, 1998, petitioners Rainer B. and Sonja D. Wagner (petitioners) submitted to respondent a Form 1040, U.S. Individual Income Tax Return, for the taxable year 1997.  On their Form 1040, petitioners listed their filing status as "married filing joint return" and described their occupations as "TST 2" and "Clerk", respectively.

Petitioners entered zeros on applicable lines of the income portion of their Form 1040, specifically including line 7 for wages, line 22 for total income, and lines 32 and 33 for adjusted gross income.  Petitioners also entered a zero on line 53 for total tax.  Petitioners then claimed a refund in the amount of $16,149.18, which amount was equal to the Federal income tax that purportedly had been withheld from their wages.

Petitioners attached to their Form 1040 a two-page typewritten statement that stated, in part, as follows:

> I * * * am submitting this as part of my 19<u>97</u> income
> tax return even though I know that no section of the
> Internal Revenue Code:
>
> 1) Establishes an income tax "liability" * * *;
>
> 2) Provides that income taxes "have to be paid on the
> basis of a return" * * *.
>
> 3) In addition to the above, I am filing even though
> the "Privacy Act Notice" as contained in a 1040 booklet
> clearly informs me that I am not required to file.  It
> does so in at least two places.
>   a) In one place, it states that I need only file a

return for "any tax" I may be "liable" for. Since no Code Section makes me "liable" for income taxes, this provision notifies me that I do not have to file an income tax return.

* * * * * * *

7) Please note, that my 1997 return also constitutes a claim for refund pursuant to Code Section 6402.

8) It should also be noted that I had "zero" income according to the Supreme Court's definition of income * * *.

9) I am also putting the IRS on notice that my 1997 tax return and claim for refund does not constitute a "frivolous" return pursuant to Code Section 6702.

* * * * * * *

11) In addition, don't notify me, that the IRS is "changing" my return, since there is no statute that allows the IRS to do that. You might prepare a return (pursuant to Code Section 6020b), where no return is filed, but where, as in this case, a return has been filed, no statute authorises (sic) IRS personnel [sic] to "change" that return.

* * * * * * *

*NOTE #1: The word "income" is not defined in the Internal Revenue Code * * * but, as stated above, it can only be a derivative of corporate activity. * * *

B.  Respondent's Deficiency Notice and Petitioners' Response

On October 8, 1999, respondent issued a joint notice of deficiency to petitioners. In the notice, respondent determined a deficiency of $17,765 in petitioners' 1997 Federal income tax and an accuracy-related penalty under section 6662(a) for negligence or disregard of rules or regulations of $323.16. The deficiency was based principally on respondent's determination that petitioners failed to report (1) wage income of $94,701 (as

reported to respondent on Forms W-2, Wage and Tax Statement), (2) dividend income of $32, and (3) interest income of $36.

By letter dated January 2, 2000, petitioners wrote to the Director of respondent's Service Center in Ogden, Utah, acknowledging receipt of the notice of deficiency dated October 8, 1999, but challenging the Director's authority to send such a notice. Petitioners sent a similar letter to Charles O. Rossotti, Commissioner of Internal Revenue.

Petitioners knew that they had the right to contest respondent's deficiency determination by filing a petition for redetermination with this Court.[2] However, petitioners chose not to do so. Accordingly, on March 27, 2000, respondent assessed the determined deficiency and accuracy-related penalty, as well as statutory interest.

On March 27, 2000, respondent sent petitioners a notice stating that changes were made to their account, informing petitioners that they had a tax liability for 1997, and requesting that they pay it. Petitioners failed to do so. On May 1, 2000, and September 4, 2000, respondent sent petitioners

---

[2] In this regard, the first sentence of petitioners' letter dated Jan. 2, 2000, stated as follows:

> According to your "Deficiency Notice" of above date (cover sheet attached), there is an alleged deficiency with respect to my 1997 income tax of $1,615.82, [sic] and if I wanted to "contest this deficiency before making payment," I must "file a petition with the United States Tax Court."

additional notices requesting that they pay the balance due for 1997. Although petitioners wrote to respondent acknowledging receipt of each of the above-described notices, petitioners failed to pay the amount owing.

C. Respondent's Final Notice and Petitioners' Response

On October 12, 2000, respondent sent petitioners a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (the Final Notice). The Final Notice was issued in respect of petitioners' outstanding tax liability for 1997.

On November 9, 2000, petitioners submitted to respondent a Form 12153, Request for a Collection Due Process Hearing. Petitioners requested that the Appeals Office demonstrate that petitioners are required to pay Federal income taxes. Petitioners also asserted that they were challenging the amount of tax listed as due in the Final Notice on the grounds that they did not receive a valid notice and demand for payment or a valid notice of deficiency for 1997.

D. The Appeals Office Hearing

Prior to an Appeals Office hearing, Appeals Officer Richard J. Sigler (the Appeals officer) provided petitioners with a transcript of their account for 1997. The record in this case

includes an IMF MCC[3] transcript of account, dated December 18, 2000, regarding petitioners' 1997 taxable year.

On July 30, 2001, the Appeals officer conducted an Appeals Office hearing that petitioner Rainer Wagner attended. According to a purported transcript of the hearing prepared by petitioners, petitioner Rainer Wagner offered to pay the amount due for 1997 only if the Appeals officer would show him the Internal Revenue Code provisions making petitioners liable for Federal income taxes. The Appeals officer terminated the hearing when petitioner failed to raise any valid issue.

E. Respondent's Notice of Determination

On September 21, 2001, respondent sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notice stated that the Appeals Office had determined that it was appropriate for respondent to proceed with the collection of petitioners' outstanding tax liability for 1997.

F. Petitioners' Petition

On October 17, 2001, petitioners filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[4] The petition includes allegations

----

[3] IMF MCC stands for "Individual Master File-Martinsburg Computing Center".

[4] At the time the petition was filed, petitioners resided
(continued...)

that: (1) The Appeals officer failed to obtain verification from the Secretary that the requirements of any applicable law or administrative procedure were met as required under section 6330(c)(1); (2) petitioners never received a notice and demand for payment; and (3) petitioners were denied the opportunity to challenge (a) the appropriateness of the collection action, and (b) the existence or amount of their underlying tax liability.

G. Respondent's Motion for Summary Judgment

After filing an answer to the petition, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673 asserting that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law. In particular, respondent contends that: (1) Because petitioners received the notice of deficiency dated October 8, 1999, they cannot challenge the existence or amount of their underlying tax liability for 1997 in this proceeding; (2) the Appeals officer's review of the IMF MCC transcript of account with regard to petitioners' account for 1997 satisfied the verification requirement imposed under section 6330(c)(1); (3) the record shows that petitioners were issued a notice and demand for payment; and (4) petitioners' behavior warrants the imposition of a penalty under section 6673.

---

[4](...continued)
in Las Vegas, Nev.

Petitioners filed an objection to respondent's motion.
Thereafter, pursuant to notice, respondent's motion was called
for hearing at the Court's Motions Session in Washington, D.C.

## Discussion

Section 6331(a) provides that if any person liable to pay
any tax neglects or refuses to pay such tax within 10 days after
notice and demand for payment, the Secretary is authorized to
collect such tax by levy on the person's property.  Section
6331(d) provides that at least 30 days before enforcing
collection by levy on the person's property, the Secretary is
obliged to provide the person with a final notice of intent to
levy, including notice of the administrative appeals available to
the person.

Section 6330 generally provides that the Commissioner cannot
proceed with collection by levy until the taxpayer has been given
notice and the opportunity for an administrative review of the
matter (in the form of an Appeals Office hearing) and, if
dissatisfied, with judicial review of the administrative
determination.  Davis v. Commissioner, 115 T.C. 35, 37 (2000);
Goza v. Commissioner, 114 T.C. 176, 179-180 (2000).

Section 6330(c) provides that a person may raise collection
issues such as spousal defenses, the appropriateness of the
Commissioner's intended collection actions, and possible
alternative means of collection.  Section 6330(c)(2)(B) provides

that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability.  Sego v. Commissioner, 114 T.C. 604, 609 (2000);  Goza v. Commissioner, supra at 180.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A.  Summary Judgment

Petitioners challenge the assessments made against them on the ground that the notice of deficiency dated October 8, 1999, is invalid.  The record, however, establishes that petitioners received the notice of deficiency and did not file a petition for redetermination with this Court.  See sec. 6213(a).  It follows that under section 6330(c)(2)(B) petitioners are barred from challenging the existence or amount of their underlying tax liability in this collection review proceeding.

Even if petitioners were permitted to challenge the validity of the notice of deficiency, petitioners' argument that the notice is invalid because respondent's Service Center director is not properly authorized to issue notices of deficiency is frivolous and groundless.  See Nestor v. Commissioner, 118 T.C. 162, 165 (2002); Goza v. Commissioner, supra at 182-183. Further, as the Court of Appeals for the Fifth Circuit has

remarked:  "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioners are taxpayers subject to Federal income tax, see secs. 1(a)(1), 7701(a)(1), (14), and that compensation for labor or services rendered constitutes income subject to Federal income tax under section 61(a)(1), see United States v. Romero, 640 F.2d 1014, 1016 (9th Cir. 1981).

We likewise reject petitioners' argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  The record shows that the Appeals officer obtained and reviewed a transcript of account with regard to petitioners' tax liability for 1997.

Federal tax assessments are formally recorded on a record of assessment.  Sec. 6203.  "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment."  Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein.  See Roberts v. Commissioner, 118 T.C. 365, 371

n.10 (2002); <u>Weishan v. Commissioner</u>, T.C. Memo. 2002-88; <u>Lindsey v. Commissioner</u>, T.C. Memo. 2002-87; <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86; <u>Duffield v. Commissioner</u>, T.C. Memo. 2002-53; <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51.  In this regard, we observe that the transcript of account on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs.  See <u>Weishan v. Commissioner</u>, <u>supra</u>; <u>Lindsey v. Commissioner</u>, <u>supra</u>; <u>Tolotti v. Commissioner</u>, <u>supra</u>; <u>Duffield v. Commissioner</u>, <u>supra</u>; <u>Kuglin v. Commissioner</u>, <u>supra</u>.[5]

Petitioners have not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcript of account.  See <u>Davis v. Commissioner</u>, <u>supra</u> at 41; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioners also contend that they never received a notice

---

[5]  To the extent that petitioners may still be arguing that the Appeals officer failed to provide them with a copy of the verification, we note that sec. 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the verification at the administrative hearing.  <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002).  In any event, the record shows that the Appeals officer provided petitioners with a transcript of account prior to the Appeals Office hearing.

and demand for payment for 1997. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303. NOTICE AND DEMAND FOR TAX.
>
> (a) General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section 6203, give notice to each person liable for the unpaid tax, stating the amount and demanding payment thereof. * * *

The record shows that respondent sent petitioners a notice of change to their account on the same date that respondent made assessments against petitioners for the tax and accuracy-related penalty determined in the notice of deficiency, as well as two subsequent collection notices. We hold that these notices constituted notice and demand for payment within the meaning of section 6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Weishan v. Commissioner, supra; see also Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993).

Petitioners have failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded. Rule 331(b)(4). In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated September 21, 2001.

B.  Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioners under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalty in lien and levy cases, Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000), and has in fact imposed a penalty in several such cases, Roberts v. Commissioner, supra (imposing a penalty in the amount of $10,000); Newman v. Commissioner, T.C. Memo. 2002-135 (imposing a penalty in the amount of $1,000); Yacksyzn v. Commissioner, T.C. Memo. 2002-99 (imposing a penalty in the amount of $1,000); Watson v. Commissioner, T.C. Memo. 2001-213 (imposing a penalty in the amount of $1,500); Davis v. Commissioner, T.C. Memo. 2001-87 (imposing a penalty in the amount of $4,000).

We are convinced that petitioners instituted the present proceeding primarily for delay.  In this regard, it is clear that petitioners regard this proceeding as nothing but a vehicle to protest the tax laws of this country and to espouse their own

misguided views, which we regard as frivolous and groundless.  In short, having to deal with this matter wasted the Court's time, as well as respondent's, and taxpayers with genuine controversies may have been delayed.

Under the circumstances, we shall grant that part of respondent's motion that moves for the imposition of a penalty in that we shall impose a penalty of $4,000 on petitioners pursuant to section 6673(a)(1).

In order to give effect to the foregoing,

<u>An appropriate order and
decision will be entered</u>.