T.C. Memo. 2002-204

UNITED STATES TAX COURT

DENNIS M. MUDD, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 743-02L.          Filed August 14, 2002.

Dennis M. Mudd, pro se.

Laurence K. Williams and A. Gary Begun, for

respondent.

MEMORANDUM OPINION

PANUTHOS, Chief Special Trial Judge:  This matter is before

the Court on respondent's motion to dismiss for failure to state

a claim upon which relief can be granted pursuant to Rule 40.[1]

---

[1]  Section references are to sections of the Internal
                                        (continued...)

Because respondent has presented matters outside of the pleadings, we treat respondent's motion as a motion for summary judgment pursuant to Rule 121. See Rule 40. Respondent contends that there is no dispute as to any material fact with respect to this levy action, and that respondent's determination to proceed with collection of petitioner's outstanding tax liabilities for 1992 to 1997 and 1999 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner

[1](...continued)
Revenue Code, as amended, and Rule references are to the Tax Court Rules of Practice and Procedure.

most favorable to the party opposing summary judgment. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

<u>Background</u>

Petitioner and his wife, Sheila Mudd, filed joint Forms 1040, U.S. Individual Income Tax Return, for the taxable years 1992 to 1997 and 1999. For each of these years, the Mudds reported taxable income, partially offset by credits for withholding taxes, leaving relatively modest amounts of taxes due. However, the Mudds failed to remit the amounts due with the returns.

Upon the filing of the tax returns described above, respondent entered assessments against the Mudds for the taxes reported to be due. See sec. 6201(a)(1). Respondent also entered assessments against the Mudds for statutory interest for each of the years in question.

On November 16, 2000, respondent mailed the Mudds a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing with regard to their tax liabilities for 1992 to 1997 and 1999. On December 13, 2000, the Mudds filed with respondent a

Form 12153, Request for a Collection Due Process Hearing, in which they challenged the validity of the assessments and asserted that respondent failed to serve them with a valid notice and demand for payment.

On June 4, 2001, respondent issued to the Mudds separate Notices CP 504, "Urgent!! We [respondent] intend to levy on certain assets. Please respond NOW", for 1992 to 1997 and 1999, informing them they owed taxes for those years and requesting payment within 10 days. The Mudds failed to pay the amounts owing.

On July 23, 2001, Appeals Officer Tom Conger conducted an Appeals Office hearing that the Mudds attended. During the hearing, petitioner acknowledged that Appeals Officer Conger provided him with transcripts of account for the years in question.[2] Petitioner also acknowledged that he had filed tax returns for the years in question reporting taxable income and taxes due.

On November 21, 2001, respondent issued to the Mudds separate Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330. The notices stated that the Appeals Office determined that it was appropriate to proceed with collection for 1992 to 1997 and 1999. On January 7, 2002,

---

[2] The record includes copies of transcripts of account for the years in question dated June 14, 2001.

petitioner filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[3] At the time that the petition was filed, petitioner resided in Allegan, Michigan. Sheila Mudd did not join in filing the petition.

As indicated, respondent maintains that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law. In particular, respondent contends that the Appeals officer's review of transcripts of account with regard to petitioner's account for 1992 to 1997 and 1999 satisfied the verification requirement imposed under section 6330(c)(1) and demonstrates that petitioner was issued a notice and demand for payment for each of those years.

Petitioner filed an objection to respondent's motion. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C.

Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to

---

[3] The petition was delivered to the Court in an envelope bearing a timely U.S. Postal Service postmark dated Dec. 14, 2001. See sec. 6330(d). We attribute the delay in the delivery of the petition to the Court to delays associated with the anthrax contamination that occurred at the U.S. Postal Service's Brentwood facility in Oct. 2001.

collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000);

Goza v. Commissioner, supra.  Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

Petitioner first contends that he was denied the opportunity to challenge the existence or amount of his tax liabilities for the years in question.  The record in this case shows otherwise.

Respondent summarily assessed the underlying taxes for 1992 to 1997 and 1999 inasmuch as petitioner reported such tax liabilities on his tax returns.  Sec. 6201(a)(1).  Consequently, respondent did not issue notices of deficiency to petitioner for the years in question.  However, during the administrative hearing, the Appeals officer invited petitioner to show him "that the underlying tax is incorrect".  Rather than offer proof challenging the existence or amount of the tax liabilities, petitioner responded by demanding that the Appeals officer cite the statutory provision making petitioner liable for Federal income taxes.  The Appeals officer declined to do so.

The record also shows that petitioner's position regarding his liability for Federal income taxes is frivolous and groundless.  In particular, in his objection to respondent's motion, petitioner asserts:  "Money that is earned while engaged in my God given and Constitutional RIGHT to life liberty and the pursuit of happiness is not a taxable source of income unless apportioned by the States."  As the Court of Appeals for the

Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say that petitioner is a taxpayer who is subject to the Federal income tax on his wages and other sources of income. See secs. 1(c), 61(a)(1), (11), 7701(a)(1), (14); Nestor v. Commissioner, 118 T.C. 162, 165 (2002).

We likewise reject petitioner's argument that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). The record shows that the Appeals officer obtained and reviewed transcripts of account with regard to petitioner's taxable years 1992 to 1997 and 1999.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Weishan v. Commissioner, T.C. Memo. 2002-88;

Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the transcripts of account on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcripts of account. See Nestor v. Commissioner, supra at 167; Mann v. Commissioner, T.C. Memo. 2002-48. Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1). Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that he never received a notice and demand for payment for the years in question. The requirement that the Secretary issue a notice and demand for payment is set forth in section 6303(a), which provides in pertinent part:

> SEC. 6303(a) General Rule.--Where it is not otherwise provided by this title, the Secretary shall, as soon as practicable, and within 60 days, after the making of an assessment of a tax pursuant to section

6203, give notice to each person liable for the unpaid
tax, stating the amount and demanding payment thereof.
* * *

The record in this case includes notices CP 504, dated
June 4, 2001, addressed to petitioner and his wife for each of
the years in question. Petitioner does not deny that he received
such notices. These notices informed petitioner that he owed
taxes for 1992 to 1997 and 1999, and included a demand for the
immediate payment of the amounts due. Such notices constitute
notice and demand for payment within the meaning of section
6303(a). See, e.g., Hughes v. United States, 953 F.2d 531, 536
(9th Cir. 1992); Weishan v. Commissioner, supra.

Petitioner has failed to raise a spousal defense, make a
valid challenge to the appropriateness of respondent's intended
collection action, or offer alternative means of collection.
These issues are now deemed conceded. Rule 331(b)(4). Under the
circumstances, we conclude that respondent is entitled to
judgment as a matter of law sustaining the notice of
determination dated November 21, 2001.

As a final matter, we mention section 6673(a)(1), which
authorizes the Tax Court to require a taxpayer to pay to the
United States a penalty not in excess of $25,000 whenever it
appears that proceedings have been instituted or maintained by
the taxpayer primarily for delay or that the taxpayer's position
in such proceeding is frivolous or groundless. The Court has
indicated its willingness to impose such penalties in collection

review cases.  <u>Roberts v. Commissioner</u>, 118 T.C. 365 (2002);

<u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000).  Although we shall

not impose a penalty on petitioner pursuant to section 6673(a)(1)

in the present case, we admonish petitioner that the Court will

consider imposing such a penalty should he return to the Court in

the future and advance similar arguments.

To reflect the foregoing,

<u>An order and decision will</u>

<u>be entered granting respondent's</u>

<u>motion for summary judgment</u>.