T.C. Memo. 2002-219

UNITED STATES TAX COURT

GINGER HARMORNICK, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10230-00L.                    Filed September 3, 2002.

Ginger Harmornick, pro se.

<u>Wendy S. Harris</u> and <u>Julie A. Pals</u>, for respondent.


MEMORANDUM OPINION

ARMEN, <u>Special Trial Judge</u>:  This matter is before the Court
on respondent's Motion For Summary Judgment And To Impose A
Penalty Under I.R.C. Section 6673, filed February 8, 2002,

pursuant to Rule 121.[1]  Respondent contends that there is no dispute as to any material fact with respect to this levy action, and that respondent's determination to proceed with collection of petitioner's outstanding tax liabilities for 1990 through 1993 should be sustained as a matter of law.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials.  Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988).  Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985).  The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences will be read in a manner most favorable to the party opposing summary judgment.  Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

---

[1]  Unless otherwise indicated, all section references are to the Internal Revenue Code, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

As explained in detail below, there is no genuine issue as to any material fact, and a decision may be rendered as a matter of law. Accordingly, we shall grant respondent's motion for summary judgment.

Background

The record establishes and/or the parties do not dispute the following.

### A. Petitioner's Failure To File

Petitioner has a history of failing to file Federal income tax returns. Specifically, petitioner failed to file Federal income tax returns for 1990 through 1993, the four taxable years in issue. The record suggests that petitioner also failed to file Federal income tax returns for 1994 through 1999.

### B. Respondent's Notices of Deficiency

On May 17, 1994, respondent issued a notice of deficiency to petitioner for 1990. In the notice, respondent determined a deficiency in petitioner's Federal income tax in the amount of $3,121, an addition to tax under section 6651(a)(1) in the amount of $585 for failure to file a tax return, and an addition to tax under section 6654(a) in the amount of $148 for failure to pay estimated tax. The deficiency in income tax was based on respondent's determination that petitioner failed to report wages, unemployment compensation, and interest income as reported to respondent by various third-party payors.

On April 13, 1995, respondent issued separate notices of deficiency to petitioner for 1991, 1992, and 1993.  In the notices, respondent determined deficiencies in, and additions to, petitioner's Federal income taxes as follows:

| Year | Deficiency | Additions to Tax | |
| | | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1991 | $198 | $100 | --- |
| 1992 | 15,240 | 3,810 | $663 |
| 1993 | 5,781 | 1,445 | 239 |

The deficiencies in income taxes were based on respondent's determination that petitioner failed to report nonemployee compensation, interest income, and unemployment compensation as reported to respondent by various third-party payors.

Respondent's records reflect that the notices of deficiency were not returned undelivered to respondent by the U.S. Postal Service.  Notably, petitioner has not denied that she received the notices.

### C.  Assessment of Petitioner's Liabilities

Petitioner did not file a petition for redetermination with this Court challenging the notices of deficiency.  See sec. 6213(a).  Accordingly, on October 24, 1994, respondent assessed the determined deficiency and additions to tax for 1990, as well as statutory interest.  On that same day, respondent sent petitioner a notice of balance due, informing petitioner that she had a liability for 1990 and requesting that she pay it.  Petitioner failed to do so.   On November 13, 1995, respondent

assessed the determined deficiencies and additions to tax for 1991, 1992, and 1993, as well as statutory interest. On that same day, respondent sent petitioner notices of balance due, informing petitioner that she had liabilities for 1991, 1992, and 1993, and requesting that she pay them. Petitioner failed to do so.

D. Respondent's Final Notice and Petitioner's Response

On October 25, 1999, respondent sent petitioner a Final Notice--Notice of Intent to Levy and Notice of Your Right to a Hearing (the Final Notice). The Final Notice was issued in respect of petitioner's outstanding liabilities for 1990 through 1993.

On November 23, 1999, petitioner submitted to respondent Form 12153, Request for a Collection Due Process Hearing. Petitioner's request stated in pertinent part: "The basis of my complaint is what I believe to be the lack of a valid summary record of assessment pursuant to 26 CFR §301.6203-1."

E. The Administrative Hearing

On June 22, 2000, Veronica Lindersmith of respondent's Appeals Office in Las Vegas, Nevada, conducted an administrative hearing by way of a telephone conference with petitioner's representative, Thomas W. Roberts.[2] By letter dated August 8,

---

[2] The conference was conducted by telephone in order to accommodate Mr. Roberts, whose office was located out of state.

2000, the Appeals officer provided Mr. Roberts with copies of Forms 4340 (Certificate of Assessments, Payments, and Other Specified Matters) for each of the years 1990, 1991, 1992, and 1993.  Copies of the Forms 4340 are attached to respondent's motion for summary judgment, which was served on petitioner.

F.  Respondent's Notice of Determination

On August 28, 2000, respondent sent petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330.  The notice stated that the Appeals Office had determined that it was appropriate for respondent to proceed with the collection of petitioner's outstanding tax liabilities for 1990 through 1993.

G.  Petitioner's Petition

On September 29, 2000, petitioner filed with the Court a petition for lien or levy action seeking review of respondent's notice of determination.[3]  The petition includes allegations that: (1) The Appeals officer failed to obtain proper verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1); and (2) the Appeals officer failed to provide petitioner with requested documents such as a summary record of assessment.

---

[3]  At the time that the petition was filed, petitioner resided in Henderson, Nevada.

H.  Respondent's First Motion For Summary Judgment

On July 20, 2001, respondent filed a Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673. Respondent's motion was called for hearing in Las Vegas, Nevada, on September 10, 2001.  Petitioner appeared at the hearing and informed the Court that she intended to file tax returns for the years in issue.  In response, counsel for respondent informed the Court that if petitioner were in compliance and if she were to concede the case, respondent would withdraw his request for the imposition of a penalty under section 6673.  Under the circumstances, the Court denied respondent's motion for summary judgment in order to allow petitioner time to file her tax returns.

I.  Respondent's Second Motion for Summary Judgment

Contrary to her representation to the Court, petitioner failed to file tax returns for the years in issue or to work with respondent's counsel toward that end.  As a result, on February 8, 2002, respondent filed a second Motion For Summary Judgment And To Impose A Penalty Under I.R.C. Section 6673.  It is this motion that is before us at this time.

In his motion, respondent asserts that there is no dispute as to a material fact and that respondent is entitled to judgment as a matter of law.  In particular, respondent contends that because petitioner received the notices of deficiency dated May

17, 1994, and April 13, 1995, she cannot challenge the existence or amount of her underlying tax liabilities for 1990 through 1993 in this collection review proceeding. Respondent further contends that the Appeals officer's review of Forms 4340 with regard to petitioner's account for 1990 through 1993 satisfied the verification requirement imposed under section 6330(c)(1).

The Court issued a notice of filing to petitioner directing her to file an objection, if any, to respondent's motion. Petitioner failed to respond. Thereafter, pursuant to notice, respondent's motion was called for hearing at the Court's motions session in Washington, D.C. Counsel for respondent appeared at the hearing and presented argument in support of the pending motion. Although there was no appearance by or on behalf of petitioner at the hearing, she did file a statement pursuant to Rule 50(c).

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary is authorized to collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary is obliged to provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. See Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).

Section 6330(c) prescribes the matters that a person may raise at an Appeals Office hearing. In sum, section 6330(c) provides that a person may raise collection issues such as spousal defenses, the appropriateness of the Commissioner's intended collection action, and possible alternative means of collection. Section 6330(c)(2)(B) provides that the existence and amount of the underlying tax liability can be contested at an Appeals Office hearing only if the person did not receive a notice of deficiency for the tax in question or did not otherwise have an earlier opportunity to dispute the tax liability. See Sego v. Commissioner, 114 T.C. 604, 609 (2000); Goza v. Commissioner, supra. Section 6330(d) provides for judicial review of the administrative determination in the Tax Court or a Federal District Court, as may be appropriate.

A. Summary Judgment

Petitioner asserts that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as

required by section 6330(c)(1). The record shows otherwise. In particular, the Appeals officer obtained and reviewed transcripts of account (Forms 4340) with regard to petitioner's taxable years 1990 through 1993.

Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. "The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), on appeal (11th Cir. July 26, 2002); Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51. In this regard, we observe that the Forms 4340 on which the Appeals officer relied contained all the information prescribed in section 301.6203-1, Proced. & Admin. Regs. See Weishan v. Commissioner, supra; Lindsey v. Commissioner, supra; Tolotti v. Commissioner, supra; Duffield v. Commissioner, supra; Kuglin v. Commissioner, supra.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the

validity of the assessments or the information contained in the Forms 4340.  See <u>Davis v. Commissioner</u>, <u>supra</u> at 41; <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioner also contends that the Appeals officer failed to provide her with requested documents such as a summary record of assessment.  We note that section 6330(c)(1) does not require that the Appeals officer provide the taxpayer with a copy of the verification at the administrative hearing.  <u>Nestor v. Commissioner</u>, 118 T.C. 162, 166 (2002).  In any event, as previously discussed, the record shows that the Appeals officer provided petitioner with Forms 4340 for all of the years in issue.

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).  In the absence of a valid issue for review, we conclude that respondent is entitled to judgment as a matter of law sustaining the notice of determination dated August 28, 2000.[4]

---

[4] Petitioner has not expressly challenged the existence or amount of her underlying tax liabilities in this collection review proceeding.  However, to the extent that one might regard
(continued...)

B.  Imposition of a Penalty Under Section 6673

We turn now to that part of respondent's motion that moves for the imposition of a penalty on petitioner under section 6673.

As relevant herein, section 6673(a)(1) authorizes the Tax Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  The Court has indicated its willingness to impose such penalty in lien and levy cases.  See Pierson v. Commissioner, 115 T.C. 576, 580-581 (2000).

---

[4](...continued)
petitioner's statement at the hearing on Sept. 10, 2001, that she intended to file tax returns for the years in issue as tantamount to such a challenge, we note that a taxpayer's receipt of a notice of deficiency, coupled with the taxpayer's failure to file a petition for redetermination with this Court, bars the taxpayer from challenging the existence or amount of his or her underlying tax liability.  Sec. 6330(c)(2)(B).  In this regard, we note that the notices of deficiency that were issued to petitioner were not returned undelivered to respondent by the U.S. Postal Service, and that petitioner has not denied that she received those notices.  In any event, petitioner has adduced nothing to create a triable issue of fact regarding the existence or amount of any of her underlying liabilities.

In the present case, we shall give petitioner the benefit of the doubt and not impose a penalty under section 6673. Nevertheless, we admonish petitioner that the Court will consider imposing such a penalty should she return to the Court in the future and advance frivolous or groundless arguments or institute or maintain an action primarily for delay.

In order to give effect to the foregoing,

An order and decision will be entered granting respondent's motion for summary judgment and denying respondent's request for the imposition of a penalty under section 6673(a).