118 T.C. No. 23


UNITED STATES TAX COURT


THOMAS W. ROBERTS, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 1991-01L.            Filed May 3, 2002.


R's Appeals officer (A) issued a notice of deter-
mination to P in which that officer determined to
proceed with collection with respect to P's taxable
year 1996.  In making that determination, A relied on
Form 4340, Certificate of Assessments, Payments, and
Other Specified Matters (Form 4340).  A provided to P a
copy of that form with the notice of determination but
did not provide to him a copy of Form 23C, Assessment
Certificate--Summary Record of Assessments (Form 23C).
R has for a number of years been engaged in making a
transition in R's assessment procedure from the general
use of a manually prepared Form 23C to the general use
of a computer-generated Revenue Accounting Control
System (RACS) Report 006 (RACS 006).

<u>Held</u>:  R's use of the computer-generated RACS 006,
instead of the manually prepared Form 23C, in making an
assessment with respect to P's taxable year 1996 did
not constitute an irregularity in R's assessment proce-
dure.  <u>Held</u>, <u>further</u>, R made a valid assessment with

respect to P's taxable year 1996. <u>Held</u>, <u>further</u>, for purposes of complying with sec. 6330(c)(1), I.R.C., it was not an abuse of discretion for A to have relied on Form 4340 to verify R's assessment with respect to P's taxable year 1996. See <u>Davis v. Commissioner</u>, 115 T.C. 35 (2000). <u>Held</u>, <u>further</u>, any inability of P before or at R's Appeals Office hearing to examine Forms 23C and 4340 and to cross-examine witnesses did not constitute an abuse of discretion. See <u>Nestor v. Commissioner</u>, 118 T.C. 162 (2002); <u>Davis v. Commissioner</u>, <u>supra</u>. <u>Held</u>, <u>further</u>, R did not abuse R's discretion in determining in the notice of determination to proceed with collection with respect to P's taxable year 1996.

    <u>Held</u>, <u>further</u>:  P is required to pay a penalty under sec. 6673(a), I.R.C.

Thomas W. Roberts, pro se.

<u>Joanne B. Minsky</u>, for respondent.

OPINION

CHIECHI, <u>Judge</u>:  This case is before the Court on the parties' cross-motions for partial summary judgment.[1]  We shall

---

[1]Both petitioner and respondent incorrectly characterized their respective motions as motions for summary judgment.  In those motions, the parties address only the following two of the three allegations of error in the petition:

  a)    The appeals officer failed to get proper verification from the Secretary that the service met the requirements of any applicable law or administrative procedure as required by §6330(c)(1), 26 CFR §301.6320-[1]T(e)(1) and 26 CFR §301.6330-[1]T(e)(1).

  b)    The appeals officer failed to furnish requested documentation prior to the hearing and refused to

(continued...)

deny petitioner's motion for partial summary judgment (petitioner's motion), and we shall grant respondent's motion for partial summary judgment (respondent's motion).

## Background

The record establishes and/or the parties do not dispute the following.

Petitioner resided in Winter Park, Florida, at the time he filed the petition in this case.

Petitioner filed a Federal income tax (tax) return (return) for his taxable year 1996, which showed $42,710 as the tax due for that year. When petitioner filed his 1996 return, he did not pay the amount of tax due shown in that return.

On December 21, 1998, petitioner made the following request (December 21, 1998 request) with respect to his taxable year 1996 by letter to the Disclosure Office (Disclosure Office) of the Internal Revenue Service (IRS):

> Please provide a copy of the actual, duly signed and certified, Form 23-C, Certificate of Assessments, as per 26 CFR 301.6203-1and [sic] Internal Revenue Manual 3(17)(46)2.3, for Thomas W. Roberts, a natural person, for the year 1996. A current copy of a sample Form 23-

---

[1](...continued)
furnish the requested documentation at the due process hearing that Petitioners [sic] requested.

The parties do not address in their respective motions the following remaining allegation of error in the petition: "c) These failures resulted in the Petitioner's inability to examine documents and to cross examine witnesses against him." We shall, however, address that allegation below.

C is attached. (Do not send a RACS Report or an Individual Master File, as these are not responsive to this request). As this request is placed under an act of Congress, The Privacy Act, it supersedes any agency policy preventing the disclosure of the signed assessment.

On January 5, 1999, the Disclosure Office sent a letter (January 5, 1999 Disclosure Office letter) to petitioner in response to his December 21, 1998 request. That letter stated in pertinent part:

In your letter you requested a copy of Form 23-C for the tax year 1996. All 23-C assessment documents would be available only from the service center where the assessment was made. In your case however, there have been no assessments other than the processing of your tax return plus penalty and interest. We are enclosing a transcript for your reference.

On October 11, 1999, respondent issued to petitioner a final notice of intent to levy with respect to petitioner's taxable year 1996 (final notice of intent to levy). Thereafter, on a date not disclosed by the record, petitioner requested a hearing with the IRS Appeals Office (Appeals Office) with respect to that notice. On August 8, 2000, the Appeals Office held a hearing with petitioner with respect to the final notice of intent to levy.

On January 12, 2001, the Appeals Office issued to petitioner a "NOTICE OF DETERMINATION CONCERNING COLLECTION ACTION(S) UNDER SECTION 6320 and/or 6330" (notice of determination) with respect to petitioner's taxable year 1996. That notice stated in pertinent part:

To the best of my [the Appeals officer's] knowledge, with the information available to me, I have determined that the Collection Division has followed all applicable laws, policies, regulations and procedures:

1) Assessments were made and notice and demand for payment of the taxes under IRC §6303(a) were sent to the taxpayer's last known address, along with Publication 1, <u>Your Rights as a Taxpayer</u>.

2) You neglected or refused to pay the tax; per IRC §6321, a lien in favor of the United States upon all property and rights to property was created;

3) Letter 1058, Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, was sent to the [sic] you, along with Publication 594, <u>Understanding the Collection Process,</u> in accordance with IRC §6330(d).

Mr. Roberts, you were informed by the Court and Chief Counsel's Office that your argument regarding the perceived lack of a valid summary record of assessment is not valid. During your hearing, you offered no proof that the assessment document is flawed in any manner. We have enclosed Form 4340, Certificate of Assessments and Payments, for the year 1996.

Your claim that Revenue Officer Colt in [sic] not an employee of IRS and has not been issued a bond that is required by the Statutes at Large has no relevance to this proceeding and has been previously answered by the Disclosure Office.

Your concern that the actions of the Collection Division are unduly intrusive was weighed against the Service's responsibility to apply the tax law fairly to all. Mr. Roberts, you voluntarily filed the 1996 return and reported your taxable income. You now refuse to pay the balance owed. Our records indicate that you have not filed a tax return since 1996. Enforcement action is fully warranted in this case.

You chose not to offer collection alternatives at this time.

The Appeals officer relied on Form 4340, CERTIFICATE OF ASSESSMENTS, PAYMENTS, AND OTHER SPECIFIED MATTERS (Form 4340), in making the statement in the notice of determination that "Assessments were made".  The Appeals officer provided a copy of that form to petitioner with the notice of determination.  Form 4340 that respondent provided to petitioner set forth, inter alia, petitioner's name, the date of assessment, the character of the liability assessed, the taxable period, and the amounts assessed.

## Discussion

A partial summary adjudication may be made that does not dispose of all the issues in a case if it is shown, inter alia, that there is no genuine issue of material fact with respect to the question(s) on which partial summary adjudication is sought. Rule 121(b);[2] Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994).  We conclude that there is no genuine issue of material fact regarding the questions raised in petitioner's motion and in respondent's motion.

The validity of the underlying tax liability for 1996 is not at issue in this case.  Consequently, we shall apply an abuse-of-discretion standard.  Sego v. Commissioner, 114 T.C. 604, 610

_____

[2]All Rule references are to the Tax Court Rules of Practice and Procedure.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times.

(2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 182 (2000).

According to petitioner, petitioner's "motion addresses only one error; the non-existence of an assessment" with respect to petitioner's taxable year 1996.[3]  In support of his contention that respondent did not make an assessment with respect to that year, petitioner points out that "The appeals officer acknowledged that there is no 23C document in Petitioner's case" and that, in making the assessment with respect to petitioner's taxable year 1996, respondent did not use Form 23C, Assessment Certificate--Summary Record of Assessments (Form 23C),[4] but instead used a computer and a computer-generated report known as Revenue Accounting Control System (RACS) Report 006 (RACS 006).[5]

---

[3]We disagree that petitioner's motion addresses only "the non-existence of an assessment".  As discussed <u>supra</u> note 1, petitioner's motion addresses two of the three allegations of error in the petition.

[4]According to petitioner, respondent's Internal Revenue Manual (IRM) requires that, in making an assessment of tax, respondent use Form 23C signed by an authorized official.  To support that contention, petitioner relies on what he identifies as IRM sec. 3.17.46.2.4(1) (Jan. 1, 1999), which he quotes in petitioner's motion as follows:

All assessments must be certified by signature of an authorized official on the Summary Record of Assessment (Form 23C, Assessment Certificate-Summary Record of Assessments).  A signed Summary Record of Assessment authorizes issuance of notices and other collection actions (refer to IRC Regulations 301 6203-1 [sic]).

[5]Petitioner also contends that the Disclosure Office admitted that respondent made no assessment with respect to petitioner's taxable year 1996 when that office stated the following
(continued...)

As we understand petitioner's position, he is arguing that, because respondent used a computer and RACS 006, instead of Form 23C, to make an assessment with respect to petitioner's taxable year 1996, he has shown an irregularity in respondent's assessment procedure with respect to that year. That is because, according to petitioner, respondent's failure to use Form 23C to make an assessment with respect to petitioner's taxable year 1996 means that there was no signed summary record of assessment, as required by section 6203 and section 301.6203-1, Proced. & Admin. Regs.,[6] and consequently no assessment, or at least no valid

_____

[5](...continued)
in the January 5, 1999 Disclosure Office letter: "In your case however, there have been no assessments other than the processing of your tax return plus penalty and interest." We reject petitioner's unfounded reading of that sentence. The sentence in question plainly indicates that respondent assessed the tax due shown in petitioner's return for 1996 as well as a penalty and interest with respect to that year.

[6]Sec. 6203 provides, inter alia, that an assessment is to be made by recording the liability of the taxpayer in accordance with prescribed rules or regulations. Sec. 301.6203-1, Proced. & Admin. Regs., provides in pertinent part:

The assessment shall be made by an assessment officer signing the summary record of assessment. The summary record, through supporting records, shall provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment. * * * If the taxpayer requests a copy of the record of assessment, he shall be furnished a copy of the pertinent parts of the assessment which set forth the name of the taxpayer, the date of assessment, the character of the liability assessed, the taxable period, if applicable, and the amounts assessed.

assessment, by respondent with respect to that year.  Having shown what petitioner maintains is an irregularity in respondent's assessment procedure with respect to his taxable year 1996, petitioner further argues that the Appeals officer's reliance on Form 4340 to verify that respondent made a valid assessment with respect to that year does not satisfy the requirements of section 6330(c)(1) that the Appeals officer obtain verification that the requirements of any applicable law or administrative procedure have been met.[7]

We reject petitioner's position.  As petitioner is aware from Lester v. United States, No. 13-96-15835 MA, Adv. No. 97-1078M (D.N.M. July 7, 1998), which he cites in petitioner's motion and in petitioner's response to respondent's motion, respondent has for a number of years been engaged in making a transition in respondent's assessment procedure from the general use of a manually prepared Form 23C to the general use of RACS

_____

[7]While not altogether clear, petitioner may also be arguing that respondent's assessment with respect to petitioner's taxable year 1996 may not be valid because he did not receive certain documentation to which he is entitled under sec. 6203 and sec. 301.6203-1, Proced. & Admin. Regs.  Respondent provided petitioner with a copy of Form 4340 with the notice of determination. That form set forth, inter alia, petitioner's name, the date of assessment, the character of the liability assessed, the taxable period, and the amounts assessed.  We conclude that petitioner has received the documentation to which he is entitled under sec. 6203 and sec. 301.6203-1, Proced. & Admin. Regs.  See Koff v. United States, 3 F.3d 1297, 1298 (9th Cir. 1993).  That the Appeals officer provided petitioner a copy of Form 4340 with the notice of determination does not constitute an abuse of discretion.  See Nestor v. Commissioner, 118 T.C. 162 (2002).

006.[8]  See also, e.g., <u>Kruger v. United States</u>, 88 AFTR 2d 2001-5865, at 2001-5867, 2001-2 USTC par. 50,624, at 89,568 (D. Nev. 2001); <u>Leier v. Dept. of Treasury/IRS</u>, 73 AFTR 2d 94-533, at 94-534 (M.D. Fla. 1993); <u>Tsimbidis v. IRS</u>, 72 AFTR 2d 93-6640, at 93-6641 (E.D. Va. 1993).  Nothing in the law supports, and we reject, what we understand to be petitioner's position that

---

[8]Pertinent portions of the current IRM relating to respondent's assessment procedure describe respondent's use of RACS 006s in that procedure.  IRM sec. 3.17.63.21.6 (Oct. 1, 2001), entitled "Summary Record of Assessments (RACS Report 006)", outlines the procedure for producing the summary record of assessments (RACS 006) and requires that such document be signed by the assessment officer on the date the assessment is made. IRM sec. 3.17.63.21.6(2)(B).  IRM sec. 3.17.63.21.6(4) generally provides that, when the computer system that produces the RACS 006 is unavailable, "the Submission Processing Center will manually prepare a Form 23C, Assessment Certificate (Summary Record of Assessment.)".  See also IRM sec. 3.17.63.18.1 (Oct. 1, 2001) (outlining procedures for use of Forms 23C in certain other circumstances).  The current IRM provides that, whether the assessment is made manually on Form 23C or by the computer-generated report RACS 006, both documents are considered to be a summary record of assessment and both documents are required to be signed by an assessment officer, in accordance with sec. 301.6203-1, Proced. & Admin. Regs.  The IRM section on which petitioner relies in petitioner's motion does not appear in the current IRM.

We note that the assessment procedure described in the current IRM is consistent with the following description of respondent's assessment procedure that, according to petitioner, the Appeals officer gave petitioner at the Appeals Office hearing:

> ... It is in a case where there's maybe a jeopardy assessment and it's a manual assessment for that day, the old form, which is a piece of paper that says 23C on the bottom; the Form 23C document is used.
>
> But normal assessments are made by computer and we call this listing that comes out, RACS 006, ...

respondent's use in respondent's assessment procedure of RACS 006, instead of Form 23C, to make an assessment with respect to petitioner's taxable year 1996 does not comply with the requirements of section 6203 and section 301.6203-1, Proced. & Admin. Regs.[9]

On the record before us, we find that respondent's use of RACS 006, instead of Form 23C, in making an assessment with respect to petitioner's taxable year 1996 did not constitute an irregularity in respondent's assessment procedure. On that record, we agree with respondent's position in respondent's motion, and we find:  (1) There was no irregularity in respondent's assessment procedure with respect to petitioner's taxable year 1996, (2) respondent made a valid assessment with respect to that year, and (3) for purposes of complying with section 6330(c)(1), it was not an abuse of discretion for the Appeals officer to have relied on Form 4340 to verify respondent's assessment with respect to that year, see <u>Davis v. Commissioner</u>,

---

[9]We also reject petitioner's apparent attempt to dictate how respondent implements the requirements of sec. 6203 and sec. 301.6203-1, Proced. & Admin. Regs.  In this connection, petitioner stated in petitioner's December 21, 1998 request to the IRS Disclosure Office:

> Please provide a copy of the actual, duly signed and certified, Form 23-C, Certificate of Assessments, as per 26 CFR 301.6203-1 * * * (<u>Do not send a RACS Report or an Individual Master File, as these are not responsive to this request</u>). * * *  [Emphasis added.]

115 T.C. 35 (2000).[10]  On the record before us, we reject the first and second allegations of error in the petition.

We turn now to the third allegation of error in the petition regarding petitioner's alleged "inability to examine documents and to cross examine witnesses against him."  Although the

---

[10]In Davis v. Commissioner, 115 T.C. 35 (2000), we held that, absent a showing by the taxpayer of an irregularity in respondent's assessment procedure, it was not an abuse of discretion for the Appeals officer to have relied on Form 4340 for purposes of complying with sec. 6330(c)(1).  Id. at 41.  That is because Form 4340 provides presumptive evidence that the Commissioner of Internal Revenue (Commissioner) has validly assessed a tax.  E.g., United States v. Chila, 871 F.2d 1015, 1018 (11th Cir. 1989); Davis v. Commissioner, supra at 40.

After we decided Davis, we held that it was not an abuse of discretion for the Appeals officer to have relied on certain computer-generated transcripts for purposes of complying with sec. 6330(c)(1).  E.g., Howard v. Commissioner, T.C. Memo. 2002-81; Kuglin v. Commissioner, T.C. Memo. 2002-51; Mann v. Commissioner, T.C. Memo. 2002-48.  Sec. 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed by that section.  E.g., Lindsey v. Commissioner, T.C. Memo. 2002-87; Kuglin v. Commissioner, supra.

We note that petitioner represented the taxpayer in Davis v. Commissioner, supra, and that in Lunsford v. Commissioner, 117 T.C. 183 (2001), we observed:

We note that the petition in this case [Lunsford v. Commissioner, supra] is essentially the same as the petition filed with this Court in Davis v. Commissioner, 115 T.C. 35, 39 (2000).  This is not surprising since the petition was filed by Thomas W. Roberts, who also filed the petition for the taxpayer in the Davis case.  Mr. Roberts was disbarred from practice before this Court on June 18, 2001, and was removed as petitioners' counsel on July 18, 2001.

Lunsford v. Commissioner, supra at 187 n.8.

parties do not address that allegation in their respective motions, we shall dispose of that matter at this time. That is because we conclude that, as a matter of law, there was no abuse of discretion regardless whether petitioner had the opportunity before or at the Appeals Office hearing (1) to examine the document that he requested (i.e., Form 23C) and the document that the Appeals officer provided to petitioner with the notice of determination (i.e., Form 4340) or (2) to cross-examine witnesses. See Nestor v. Commissioner, 118 T.C. 162 (2002); Davis v. Commissioner, supra at 41-42.[11]

Based on our examination of the entire record before us, we find that respondent did not abuse respondent's discretion in determining in the notice of determination to proceed with collection with respect to petitioner's taxable year 1996.

In respondent's motion, respondent requests that the Court require petitioner to pay a penalty to the United States pursuant to section 6673(a)(1). Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty in an amount not to exceed $25,000 whenever it appears to the Court that, inter alia, a proceeding before it was instituted or maintained primarily for delay, sec. 6673(a)(1)(A), or the taxpayer's position in such a proceeding is frivolous or ground-

---

[11]See also Lindsay v. Commissioner, T.C. Memo. 2001-285; Watson v. Commissioner, T.C. Memo. 2001-213; Wylie v. Commissioner, T.C. Memo. 2001-65.

less, sec. 6673(a)(1)(B).

In <u>Pierson v. Commissioner</u>, 115 T.C. 576, 581 (2000), we issued an unequivocal warning to taxpayers concerning the imposition of a penalty under section 6673(a) on those taxpayers who abuse the protections afforded by sections 6320 and 6330 by instituting or maintaining actions under those sections primarily for delay or by taking frivolous or groundless positions in such actions. In the petition and in petitioner's motion and his response to respondent's motion, petitioner is raising, we believe primarily for delay, arguments and contentions that we have previously rejected, thereby causing the Court to waste its limited resources.[12] We shall impose a penalty on petitioner pursuant to section 6673(a)(1) in the amount of $10,000.

We have considered all of the arguments and contentions that petitioner advances in petitioner's motion and petitioner's response to respondent's motion, which are not discussed herein, and we find them to be without merit and/or irrelevant.

On the record before us, we shall deny petitioner's motion, and we shall grant respondent's motion.

---

[12]Petitioner is well aware of the Court's views regarding the allegations of error that he raised in the petition. They are essentially the same allegations that he raised as the representative for the taxpayer in <u>Davis v. Commissioner</u>, <u>supra</u>, and for the taxpayer in <u>Wylie v. Commissioner</u>, <u>supra</u>.

To reflect the foregoing,

An order denying petitioner's motion and granting respondent's motion and decision for respondent will be entered.