T.C. Memo. 2002-184

UNITED STATES TAX COURT

JOHN W. HAUCK, JR., Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 10266-00L.                    Filed July 31, 2002.

John W. Hauck, Jr., pro se.

<u>Timothy S. Murphy</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

VASQUEZ, <u>Judge</u>:  Pursuant to section 6330(d),[1] petitioner
seeks review of respondent's determination to proceed with
collection of petitioner's 1995 and 1996 tax liabilities.

---

[1]  Unless otherwise indicated, all section references are to
the Internal Revenue Code, and all Rule references are to the Tax
Court Rules of Practice and Procedure.

## FINDINGS OF FACT

None of the facts have been stipulated. The exhibits received into evidence at trial are incorporated herein by this reference. At the time he filed the petition, petitioner resided in Clinton, Michigan.

Petitioner did not file Federal income tax returns for 1995 and 1996.

On April 24, 1998, respondent mailed petitioner separate notices of deficiency for 1995 and 1996. For 1995, respondent determined a deficiency of $155,195, an addition to tax pursuant to section 6651(a)(1) of $36,924.50, and an addition to tax pursuant to section 6654 of $7,963.40. For 1996, respondent determined a deficiency of $8,263, an addition to tax pursuant to section 6651(a)(1) of $2,065.75, and an addition to tax pursuant to section 6654 of $439.79.

Petitioner timely received these notices of deficiency. Petitioner voluntarily chose not to file a petition with the Court with respect to 1995 and 1996.

On September 21, 1998, respondent assessed the deficiencies and additions to tax for 1995 and 1996 determined in the notices of deficiency.

In 1998, petitioner filed a power of attorney with respondent authorizing Joseph John Brune III and Thomas W.

Roberts to represent petitioner for his 1980 through 1999 tax years.

On April 26, 1999, Revenue Officer Henry Morrison mailed petitioner and Mr. Roberts a copy of the Summary Record of Assessments, RACS Report (RACS report), for September 21, 1998, an explanation of the RACS report by Disclosure Officer Michael Ormond, petitioner's Individual Master File Tax Module for 1995 and 1996, and petitioner's literal transcript for 1995 and 1996. These tax modules listed the assessment date for 1995 and 1996 as September 21, 1998.

On June 28, 1999, respondent mailed petitioner a Final Notice, Notice of Intent to Levy and Notice of Your Right to a Hearing, Form 1058, for 1995 and 1996. Petitioner timely requested a hearing. The only issues raised in petitioner's request for a hearing were the lack of a valid summary record of assessment and the validity of the assessment.

Appeals Officer Diane Villa mailed petitioner and his representatives a letter scheduling a hearing for July 27, 2000. On July 12, 2000, petitioner's representative called respondent and requested that the hearing be held via the telephone.

On July 27, 2000, Ms. Villa held a hearing via telephone with Mr. Roberts. Petitioner attempted to have a court reporter present at the hearing and wanted the opportunity to cross-examine witnesses. Respondent denied petitioner's request to

have a court reporter and cross-examine witnesses at the hearing.[2]  The only issues petitioner raised at the hearing were the validity of the assessment for 1995 and 1996 and an issue regarding a levy.[3]  The issue regarding the levy was resolved at the hearing as no levy had taken place.

During the hearing, Mr. Roberts acknowledged that petitioner had received the RACS report and petitioner's transcripts of account for 1995 and 1996.  Ms. Villa reviewed the transcripts of account provided to petitioner by Mr. Morrison and then-current transcripts of account for 1995 and 1996 to verify the name of petitioner, the tax periods, the type of tax, the date of the assessments, and the amount of the assessments.  In verifying the accuracy of the assessments, Ms. Villa compared the amounts determined in the notices of deficiency for 1995 and 1996 with the amounts assessed on petitioner's transcripts of account.  These numbers matched.

On August 29, 2000, respondent mailed petitioner a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330, for 1995 and 1996 determining to proceed with collection.

---

[2]  Respondent, however, allowed Mr. Roberts to tape record the hearing.

[3]  During the hearing, petitioner did not raise the underlying tax liabilities, any collection alternatives, or the appropriateness of the proposed collection activities, nor did he identify any irregularities in the assessment process.

- 5 -

OPINION

Petitioner argues that because the assessment was made on the RACS report rather than Form 23C, Summary Record of Assessments, no valid assessment exists and because the Appeals officer did not review a Form 23C she did not verify the assessment as required by section 6330. Petitioner further argues that review of a transcript of account is insufficient verification for the purposes of section 6330.

Section 6330(c)(1) does not require the Commissioner to rely on a particular document to satisfy the verification requirement imposed therein. E.g., Schnitzler v. Commissioner, T.C. Memo. 2002-159 (citing five other cases to support this principle). We have repeatedly held that the Commissioner may rely on transcripts of account to satisfy the verification requirement of section 6330(c)(1). Id.; Kaeckell v. Commissioner, T.C. Memo. 2002-114; Obersteller v. Commissioner, T.C. Memo. 2002-106; Weishan v. Commissioner, T.C. Memo. 2002-88; Lindsey v. Commissioner, T.C. Memo. 2002-87; Tolotti v. Commissioner, T.C. Memo. 2002-86; Duffield v. Commissioner, T.C. Memo. 2002-53; Kuglin v. Commissioner, T.C. Memo. 2002-51.

Additionally, we have held that the use of a RACS report, instead of a Form 23C, in making an assessment does not constitute an irregularity in respondent's assessment procedure.

Roberts v. Commissioner, 118 T.C. 365, 371 (2002).[4]  Respondent, for a number of years, has been making a transition in his assessment procedure from the use of a manually prepared Form 23C to the use of the RACS report.  Id.

Petitioner has not alleged any irregularity in the assessment procedure that would raise a question about the validity of the assessments or the information contained in the transcripts of account.  Davis v. Commissioner, 115 T.C. 35, 41 (2000); Mann v. Commissioner, T.C. Memo. 2002-48.  Accordingly, we hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  Cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).

Petitioner has failed to raise a spousal defense, make a valid challenge to the appropriateness of respondent's intended collection action, or offer alternative means of collection. These issues are now deemed conceded.  Rule 331(b)(4).

On brief, petitioner also argues that he did not receive a section 6330 hearing because he was not allowed to have a court reporter, to call witnesses, or to cross-examine witnesses at the section 6330 hearing.  Generally, we do not consider issues that

---

[4]  We note that the taxpayer in Roberts v. Commissioner, 118 T.C. 365 (2002), was Thomas W. Roberts--petitioner's representative prior to trial.

are raised for the first time at trial or on brief.[5]  Foil v.
Commissioner, 92 T.C. 376, 418 (1989), affd. 920 F.2d 1196 (5th
Cir. 1990); Markwardt v. Commissioner, 64 T.C. 989, 997 (1975).

Section 6673(a)(1) authorizes this Court to require a
taxpayer to pay to the United States a penalty not to exceed
$25,000 if the taxpayer took frivolous positions in the
proceedings or instituted the proceedings primarily for delay.
In Pierson v. Commissioner, 115 T.C. 576, 581 (2000), we issued
an unequivocal warning to taxpayers concerning the imposition of
a penalty pursuant to section 6673(a) on those taxpayers who
abuse the protections afforded by sections 6320 and 6330 by
instituting or maintaining actions under those sections primarily
for delay or by taking frivolous or groundless positions in such
actions.

At trial, the Court informed petitioner the Court had
already ruled that taxpayers are not entitled to a court
reporter, to subpeona witnesses, or to cross-examine witnesses at
the section 6330 hearing.  Davis v. Commissioner, supra at 41-42.
Additionally, the Court advised petitioner that we had previously
held that for section 6330 cases whether or not the taxpayer was
given a copy of a Form 23C did not affect the validity of the

---

[5] Regardless of whether petitioner was given an appropriate
hearing, there was a valid determination.  A hearing is not
required as a prerequisite to our jurisdiction.  Lunsford v.
Commissioner, 117 T.C. 159, 164-165 (2001); see also Tilley v.
Commissioner, T.C. Memo. 2002-161.

assessment.  At that time, the Court admonished petitioner that he was wasting the Court's time.

At trial, respondent advised the Court that he had provided petitioner with a copy of <u>Davis v. Commissioner</u>, 115 T.C. 35 (2000).  At the conclusion of the trial, respondent argued that petitioner was fighting a frivolous battle and that this case was nothing more than an attempt to further delay the collection activities.  We agree.

In the petition, at trial, and on brief petitioner raised, primarily for delay, arguments and contentions that we have previously rejected, thereby causing the Court to waste its limited resources.  Accordingly, we shall impose a penalty of $10,000 pursuant to section 6673.

To reflect the foregoing,

<u>An appropriate order and decision will be entered</u>.