T.C. Memo. 2002-244


UNITED STATES TAX COURT


CLYDE E. HACK AND CAROLE J. HACK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 11322-01L.          Filed September 25, 2002.


Clyde E. Hack and Carole J. Hack, pro sese.

<u>Rachael J. Zepeda</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Petitioners, while residing in Mesa, Arizona,
petitioned the Court under section 6330(d) to review respondent's
determination as to his proposed levy upon their property.
Respondent proposed the levy to collect a 1998 Federal income tax
liability (including an accuracy-related penalty and interest) of

approximately $15,042.55.[1]  Currently, the case is before the Court on respondent's motion for summary judgment under Rule 121 and to impose a penalty under section 6673.  Petitioners responded to respondent's motion by way of a general objection.

We shall grant respondent's motion for summary judgment and shall impose a $2,000 penalty against petitioners.  Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

On April 15, 1999, petitioners filed a joint 1998 Federal income tax return in which they reported no wages, other income, or tax liability.  They entered zeros on every line of the return, but for the lines related to "Federal income tax withheld from Forms W-2 and 1099."  Petitioners claimed on the return a refund of $1,969.80 for withheld taxes.  They attached to the return a declaration stating in part that "this return is not being filed voluntarily," that petitioners "had 'zero' income according to the Supreme Court's definition of income", and that petitioners "can only swear to having 'zero' income in 1998."

Petitioners included with their return two 1998 Forms W-2, Wage and Tax Statement, and one 1998 Form 1099-R, Distributions

---

[1] We use the term "approximately" because this amount was computed before the present proceeding and has since increased on account of interest.

from Pensions, Annuities, Retirement or Profit Sharing Plans, IRAs, Insurance Contracts, etc. The Form 1099-R was from Fidelity Investments and reported that it had made a $5,292.66 taxable distribution to Carole Hack and withheld from that distribution Federal income tax of $1,058.53. The first Form W-2 was from Systems & Computer Tech and reported that it had paid to Carole Hack $28,488.81 in wages and withheld from those wages Federal income tax of $764.14. The second Form W-2 was from Pilot Corporation and reported that it had paid to Clyde Hack $34,307.50 in wages and withheld from those wages Federal income tax of $147.13.

On February 18, 2000, respondent issued a notice of deficiency to petitioners. The notice determined that petitioners were liable for a $10,599.20 deficiency in their 1998 income tax and a $2,119.84 accuracy-related penalty under section 6662(a). Petitioners did not petition the Court with respect to the notice. Instead, on March 4, 2000, petitioners sent to respondent a letter entitled "Your Deficiency Notice dated February 18, 2000." Petitioners stated in this letter that the notice of deficiency was invalid because it was not sent by the Secretary and lacked a proper delegation of authority to the signatory; i.e., the director of the Ogden Service Center. On July 31, 2000, respondent assessed petitioners' tax liability for 1998 as per the notice of deficiency.

On December 7, 2000, respondent mailed to petitioners a "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" (final notice).  The final notice informed petitioners of (1) respondent's intention to levy under section 6331 and (2) petitioners' right under section 6330 to a hearing with respondent's Office of Appeals (Appeals).  Enclosed with the final notice was a copy of Form 12153, Request for a Collection Due Process Hearing.

On December 11, 2000, petitioners sent to respondent the Form 12153 requesting the referenced hearing.  Petitioners attached to the Form a request that the hearing officer have at the hearing "the specific Code Section making me [petitioners] 'liable to pay' the taxes at issue," "verification that the requirements of any applicable law or administrative procedure have been met," and "Delegation Order from the Secretary delegating to that person [director of the service center] the authority to prepare such a verification."

On June 28, 2001, Appeals Officer Wayne McClellan held with petitioners a hearing under section 6330.  At the hearing, the Appeals officer provided petitioners with a Form 4340, Certificate of Assessments, Payments and Other Specified Matters. The Form 4340 was dated May 16, 2001, and was for 1998.

On August 16, 2001, respondent issued to petitioners duplicate Notices of Determination Concerning Collection

Action(s) Under Section 6320 and/or 6330 for 1998.  These notices reflected the determination of Appeals to sustain the proposed levy.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property.  Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination.  Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000).  In the case of such judicial review, the Court will review a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue.  The Court will review the Commissioner's administrative determination for abuse of discretion where the validity of the underlying liability is not

properly at issue. Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Here, respondent notified petitioners that he was proposing to levy upon their property in order to collect their Federal income tax debt for 1998. Petitioners requested the hearing referenced in section 6330, which was later held with Appeals. Following the determination by Appeals that respondent's proposed levy was proper, petitioners sought relief in this Court. Petitioners argue that the notices of determination were in error because, they allege: (1) The assessment was not valid; (2) the Appeals officer never received verification that the requirements of applicable law and procedure had been met; (3) they never received a "valid" notice of deficiency; and (4) they never received a notice and demand for payment.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965

(7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982).

Petitioners have raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

Petitioners argue that respondent failed to make a valid assessment of their tax liability because he did not issue to them a Form 23C, Summary Record of Assessment. They assert that an assessment could not have been made on the basis of their tax return because it "shows no income taxes due and owing" for 1998. We disagree with this argument. Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. The summary record must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs. The Form 4340 received by petitioners at the Appeals Office hearing contained all this information. Petitioners have not demonstrated in this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information

contained in the transcripts of account.  See <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.  We hold that the assessment made by respondent is valid.  See <u>Kuglin v. Commissioner</u>, T.C. Memo. 2002-51; see also <u>Duffield v. Commissioner</u>, T.C. Memo. 2002-53.

Petitioners next argue that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  We disagree.  Section 6330(c)(1) does not require the Commissioner to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) to satisfy this verification requirement.  <u>Kuglin v. Commissioner</u>, <u>supra</u>; see also <u>Weishan v. Commissioner</u>, T.C. Memo. 2002-88.  Petitioners received the Form 4340.  The use of this form is a valid verification that the requirements of any applicable law or administrative procedure have been met.  E.g., <u>Roberts v. Commissioner</u>, 118 T.C. 365 (2002).  We hold that the Appeals officer satisfied the verification requirement of section 6330(c)(1).  <u>Yacksyzn v. Commissioner</u>, T.C. Memo. 2002-99; cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioners argue that the notice of deficiency issued to them was invalid because, they assert, it lacked a valid signature.  We consider this argument frivolous.  The Secretary or his delegate is authorized by statute to issue notices of deficiency, secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i), and it

is well established that the director of an Internal Revenue service center is an authorized delegate, e.g., Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992); Nestor v. Commissioner, 118 T.C. 162 (2002); Weishan v. Commissioner, supra. Moreover, petitioners had an opportunity to petition this Court to dispute the liability reflected in the notice of deficiency but chose not to do so.

Petitioners argue further that they did not receive notice and demand for payment. We disagree. Petitioners received numerous notices, including the final notice, and a Form 4340. These notices and that form satisfied requirements of section 6303(a) by informing petitioners of the amount owed and by requesting payment. Hughes v. United States, supra at 531; Schaper v. Commissioner, T.C. Memo. 2002-203.

For the foregoing reasons, we sustain respondent's determination as to the proposed levy as a permissible exercise of discretion. We now turn to the requested penalty under section 6673.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. We have indicated our willingness to impose such penalties in collection review cases. Roberts v. Commissioner,

supra; <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000); <u>Hoffman v. Commissioner</u>, T.C. Memo. 2000-198. Moreover, we have imposed penalties when the underlying tax liability was not at issue and the taxpayer raised frivolous and groundless arguments as to the legality of the Federal tax laws. <u>Yacksyzn v. Commissioner</u>, supra; <u>Watson v. Commissioner</u>, T.C. Memo. 2001-213; <u>Davis v. Commissioner</u>, T.C. Memo. 2001-87. We do the same here. Petitioners' arguments in this Court are mainly groundless and frivolous, and it appears to us that petitioners instituted and maintained this proceeding primarily for delay.[2] Pursuant to section 6673, we require petitioners to pay to the United States a penalty of $2,000.

We have considered all arguments made by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit. To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.

---

[2] At and after the Appeals Office hearing, petitioners were made aware of our opinions in <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000), and <u>Davis v. Commissioner</u>, 115 T.C. 35 (2000). In <u>Pierson</u>, taxpayers advancing frivolous and groundless claims and instituting the underlying proceedings for the purposes of delay were warned that the Court would impose penalties. This warning went unheeded by petitioners.