T.C. Memo. 2002-317

UNITED STATES TAX COURT

PAUL F. NICHOLS AND ELEANORE M. NICHOLS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 9793-01L.                    Filed December 30, 2002.

Paul F. Nichols and Eleanore M. Nichols, pro sese.

<u>Jeremy L. McPherson</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioners, while residing in Fair Oaks,
California, petitioned the Court under sections 6320(c) and
6330(d) to review respondent's filing of a notice of lien under
section 6323 and his determination as to a proposed levy upon
petitioners' property.  Respondent filed the lien and proposed

the levy to collect 1996 Federal income taxes of approximately $135,024.03.[1]

We sustain respondent's filing of the notice of lien and respondent's determination as to the proposed levy. Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code. Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners filed a joint 1996 Federal income tax return on October 20, 1997. Respondent assessed the Federal income tax liability shown on that return on November 24, 1997.

On July 25, 2000, respondent sent to petitioners a notice of deficiency for 1996. The notice of deficiency determined that petitioners were liable for a deficiency of $83,521 and an accuracy-related penalty of $16,704.20 under section 6662(a). Petitioners did not petition this Court with respect to the notice of deficiency. On December 18, 2000, respondent assessed the amount of the deficiency and accuracy-related penalty shown in the notice of deficiency.

On April 12, 2001, respondent mailed to each petitioner an identical letter, Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing (final levy notice). The final

---

[1] We use the term "approximately" because these amounts were computed before the present proceeding and have since increased on account of interest.

levy notice informed petitioners of their tax liability for 1996. In addition, the final levy notice informed petitioners of (1) respondent's intent to collect that liability through a levy upon their property pursuant to section 6331 and (2) petitioners' right under section 6330 to a hearing with respondent's Office of Appeals (Appeals) to discuss the proposed levy. Enclosed with the final levy notice was a copy of Form 12153, Request for a Collection Due Process Hearing.

On April 23, 2001, respondent sent to each petitioner an identical letter, Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 (final lien notice) for 1996. A Form 12153, Request for a Collection Due Process Hearing, was enclosed with the final lien notice.

On April 30, 2001, petitioners mailed to respondent a Form 12153 requesting the referenced hearing. Petitioners attached a letter "Request for a Collection Due Process Hearing." That letter stated:

> Under IRC Section 6320(a)(3)(B), the individuals name above do hereby request a hearing where both sides may present lawful evidence to support their position. * * *
>
> *       *       *       *       *       *       *
>
> Please perform the following and furnish the documents requested for the 1996.
>
> 1. Abate your actions:
>
> 2. Provide me with a copy of the record of assessment which is required by section 6203 (this is a

demand pursuant to 26 USC 6203 and Trea. Reg. 301-6203-1) Include a copy of the Accounting Assessment Journal (assessment list) and other supporting documents as required by IR Code section 6203 and Reg. 301-6203-1.

3. Provide me with the record of any proceeding of Notice of Assessment which may have been issued to me showing the dates of assessment and the date of said notices and all records which provide proof that theses [sic] required notice were mailed.

4. Provide me with the record of any proceeding or administrative act, upon which the agency has relied upon to determine that I am in fact a liable taxpayer for the above years. Alternatively, I demanded that you provide a hearing so that it may be determined, based upon necessary facts, whether or not I am or was liable for taxes alleged that year.

*        *        *        *        *        *        *

In accordance with IRC Section 6320(c)(1), we request that the appeals officer at the hearing obtain verification from the secretary that requirements of any applicable law or administration procedure have been met. We will expect the Secretary to provide us with evidence that Internal revenue Regulation (IR Regs.) 301.6203-1 has been complied with.

In accordance with IRC Section 6230(c)(2)(A), we feel is [sic] very relevant that the IRS can provide no evidence that a procedurally correct lawful assessment exist for any of the tax periods * * * therefore, under IRC Section (c)(2)(B), we will raise at the hearing challenges to the existence and amount of the Underlying Tax Liability, Unless the Secretary can provide evidence that a procedural correct lawful assessment, certified by and assessment officer, is in existence * * *

No hearing was held with petitioners. Instead, on the basis of petitioners' letter and attached document, Appeals issued to petitioners on July 6, 2001, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1996.

This notice reflected the determination of Appeals to sustain the filing of the notice of lien and the proposed levy on petitioners' property.

The Court tried this case on March 11, 2002. Before trial, petitioners received Form 4340, Certificate of Assessments, Payments, and Other Specified Matters for 1996. The Form 4340 was dated September 21, 2001.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay that tax within 10 days after notice and demand for payment, the Commissioner may collect the tax by levy on the person's property. See also sec. 7701(a)(11)(B) and (12)(A) (reference in statute to "Secretary" includes reference to Commissioner). Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Commissioner must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person. See also sec. 7701(a)(11)(B) and (12)(A).

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of a hearing before Appeals) and, if dissatisfied, with judicial review of the administrative

determination. <u>Davis v. Commissioner</u>, 115 T.C. 35, 37 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176, 179 (2000). In the event of such a judicial review, the Court's standard of review depends on whether the underlying tax liability is at issue. The Court reviews a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue. The Court reviews other administrative determinations for abuse of discretion. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000). A taxpayer's underlying tax liability may be at issue if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

In order to discern the issues in this case, we focus on assignments of error set forth in the petition that commenced this proceeding. Rule 331(b)(4) ("Any issue not raised in the assignments of error shall be deemed to be conceded.") Petitioners assert in their petition the following 10 allegations of error in the Appeals officer's determination:

> (1) Respondents Notice of Determination claims a Determination. Petitioner denies having a Determination (2) Respondents Notice of Determination claims unreported and under reported income. Petitioner denies having unreported or under reported income. (3) Respondents IRS Form 4549, income tax examination changes, claims a tax liability. Petitioner denies having a tax liability. (4) Respondent has failed to provide petitioner with certified assessment information as per Internal Revenue Regulation 301.6203-1. (5) Respondent claims a Determination, but has failed to provide petitioner

with the USC Title 26 taxing statute that respondent relied on to calculate any claimed Determination. (6) Respondent claims a Determination, but has failed to provide petitioner with any certified facts or evidence. (7) Respondents Notice of Determination is null and void as it is based on hearsay facts and evidence. (8) Petitioner has been denied a meaningful administrative hearing where certified facts or evidence from respondent was provided. (9) Statute of limitation for tax year 1996 has expired. (10) Petitioners declaration, signed under penalty of perjury, is attached and made part of this matter.

We classify petitioners' arguments in two manners. The first category pertains to the existence or validity of the underlying tax liability. The second category pertains to the procedure by which respondent has assessed petitioners' tax liability and/or reviewed the validity of it.

As to the first category, it is indisputable that petitioners have received a notice of deficiency for 1996 and that they had an opportunity to dispute in this Court respondent's determination set forth in that notice. They chose not to dispute those determinations timely. See sec. 6213(a) (notices of deficiency addressed to taxpayers inside the United States may be challenged by those taxpayers generally by filing a petition with this Court within 90 days after the notice of deficiency is mailed.). As a result, we reject this first type of argument as untimely and advanced improperly. We hold that petitioners are precluded from disputing their underlying tax liability in this proceeding. Sego v. Commissioner, supra.

As to the second category of arguments, each of these arguments is frivolous and has been previously rejected by this Court. E.g., <u>Bartschi v. Commissioner</u>, T.C. Memo. 2002-268, and cases cited therein; <u>Tolotti v. Commissioner</u>, T.C. Memo. 2002-86. The Court of Appeals for the Fifth Circuit has remarked: "We perceive no need to refute these arguments with somber reasoning and copious citation of precedent; to do so might suggest that these arguments have some colorable merit." <u>Crain v. Commissioner</u>, 737 F.2d 1417, 1417 (5th Cir. 1984). Suffice it to say:

(1) Petitioners are taxpayers subject to the Federal income tax, see secs. 1(c), 7701(a)(1), (14);

(2) compensation for labor or services rendered constitutes income subject to the Federal income tax, sec. 61(a)(1); <u>United States v. Romero</u>, 640 F.2d 1014, 1016 (9th Cir. 1981);

(3) petitioners are required to file an income tax return, sec. 6012(a)(1); and

(4) a taxpayer's failure to report tax on a return does not prevent the Commissioner from determining a deficiency in that taxpayer's income tax, secs. 6211(a), 6212(a); see <u>Monaco v. Commissioner</u>, T.C. Memo. 1998-284.

Petitioners have failed to raise any arguments which have not been previously rejected by this Court.[2]  Thus, notwithstanding petitioners' request to have a "meaningful hearing" under sections 6320 and 6330, we consider it neither necessary or productive to remand this case to Appeals to hold a hearing.  <u>Lunsford v. Commissioner</u>, 117 T.C. 183 (2001).  We sustain respondent's notice of a lien filing and respondent's determination as to the proposed levy as a permissible exercise of discretion.

We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.

---

[2] We also note that the Form 4340 received by petitioners is a valid verification that the requirements of any applicable law or administrative procedure have been met and is sufficient for the purposes of complying with the requirements of sec. 6330(c)(1).  <u>Roberts v. Commissioner</u>, 118 T.C. 365 (2002). Petitioners have not demonstrated in this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in Form 4340.  See <u>Mann v. Commissioner</u>, T.C. Memo. 2002-48.