T.C. Memo. 2004-48


UNITED STATES TAX COURT



EDWARD P. HEAPHY, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 6799-02L.            Filed March 5, 2004.


Edward P. Heaphy, pro se.

<u>Monica J. Miller</u>, for respondent.



MEMORANDUM FINDINGS OF FACT AND OPINION


JACOBS, <u>Judge</u>:  This case arises from petitioner's request for our review of respondent's determination that respondent's filing of a Federal tax lien with respect to the collection of petitioner's unpaid tax liability for 1997 was appropriate.  The issue to be resolved is whether respondent abused his discretion in making that determination.  In his trial memorandum,

respondent raised the issue of whether petitioner should be required to pay a penalty pursuant to section 6673 for instituting and/or maintaining this proceeding, and if so, the amount thereof.[1]

FINDINGS OF FACT

Some of the facts have been stipulated and are so found. The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.

At the time the petition was filed in this case, petitioner resided in Ormond Beach, Florida. He is a real estate broker.

Petitioner submitted to the Internal Revenue Service (the IRS) a document purporting to be his income tax return for 1997, with zeros reported for amounts on all lines. The IRS did not process that document. Rather, the IRS prepared a substitute 1997 return for petitioner on which $65,419 was reflected as commission income.[2] That amount was determined in part from a third-party information return ($46,369) and in part from an analysis of petitioner's bank deposits ($19,050). The substitute 1997 return also reflected $463 of interest income.

---

[1]All section references are to the Internal Revenue Code.

[2]In deciding this case, it is not necessary for us to decide whether the substitute return meets the requirements of sec. 6020(b). See, e.g., Swanson v. Commissioner, 121 T.C. 111, 112 n.1 (2003).

On January 4, 2000, respondent issued a notice of deficiency to petitioner with respect to 1997. In that notice, respondent (relying on the information used in preparing the 1997 substitute return[3]) determined that petitioner was liable for an income tax deficiency of $8,644, a delinquency addition to tax under section 6651(a)(1) of $2,161, and an estimated tax addition to tax under section 6654 of $462.44.

Petitioner received the notice of deficiency; he did not contest respondent's determinations by filing a petition in this Court. On May 8, 2000, respondent assessed the determined deficiency, the estimated tax addition, the late filing addition, and statutory interest.

Petitioner failed to pay the assessed liabilities for 1997; consequently, on November 13, 2000, the IRS filed a notice of Federal tax lien.

On November 10, 2000, the IRS sent petitioner a notice entitled "Notice of Federal Tax Lien Filing and Your Right to a Hearing Under I.R.C. 6320" (the notice of Federal tax lien filing) with respect to petitioner's outstanding tax liability for 1997. On November 22, 2000, petitioner submitted to the IRS a Form 12153, Request for a Collection Due Process Hearing, dated November 21, 2000, and an attachment thereto. In the attachment,

---

[3]Petitioner was allowed estimated expenses of $33,298 on the basis of the profit ratio shown on petitioner's 1996 return.

petitioner maintained: (1) He is not "statutorily" liable to pay the taxes at issue; (2) he did not receive a valid notice of deficiency in connection with the year at issue; and (3) he did not receive

> the <u>statutory</u> "notice and demand" for payment of the taxes at issue * * *. If the appeals officer is going to claim that a particular document sent to me by the IRS was a "Notice and Demand" for payment, then I am requesting that he also provide me with a T.D. or Treas. Reg. which identifies that specific document as being the official, <u>statutory</u> "Notice and Demand" for payment.

On October 31, 2001, respondent's Appeals Officer Charles R. Kelly wrote petitioner to schedule the hearing as requested by petitioner. In his letter, Appeals Officer Kelly stated:

> The purpose of a Collection Due Process hearing is to (1) verify that the IRS office collecting the tax has met the requirements of various applicable law [sic] and administrative procedures; (2) hear any relevant issue relating to the unpaid tax; and (3) consider whether the proposed collection action (lien) balances the need for the efficient collection of the taxes with any legitimate concern that you may have that any collection action be no more intrusive than necessary.

> You failed to file your 1997 tax return and the IRS prepared a substitute return for you and issued you a statutory notice of deficiency. The notice was sent to your last known address at the time it was issued. I am enclosing a copy of the statutory notice of deficiency and the substitute return.

> A challenge to the existence or amount of the tax liability can only be made if a taxpayer did not receive a statutory notice of deficiency or did not otherwise have an opportunity to dispute that tax liability. You were issued a statutory notice of deficiency and failed to petition the Tax Court. You have had the opportunity to dispute the tax liability.

The underlying tax liability cannot be challenged at the Collection Due Process hearing.

The underlying assessment is valid and I am enclosing a Form 4340 "Certificate of Assessments, Payments, and Other Specific Matters" which verifies the assessment is valid. A "Summary Record of Assessment" (23C) is not necessary to verify an assessment. The United States Tax Court has held that the Form 4340 is sufficient to verify an assessment.

**If you want a Collection Due Process hearing to discuss collection alternatives to the lien, please call me on or before November 9th. The arguments you raised in your Collection Due Process request are not arguments that can or will be discussed at the hearing. If I do not hear from you by November 9th, I will assume you do not wish a hearing. I will conduct the hearing based on the case file and issue you a final determination letter.**

Substantial correspondence between petitioner and Appeals Officer Kelly then followed. Ultimately, on February 5, 2002, the hearing granted under section 6320 (a section 6320 hearing) was held. Present at that hearing were petitioner, petitioner's wife (Wendy Zapert) acting under a power of attorney, Appeals Officer Kelly, and a court reporter who was present at petitioner's request. Appeals Officer Kelly began the section 6320 hearing by summarizing the purpose for the hearing and stating the events leading to petitioner's being informed of the notice of the filing of a tax lien. Appeals Officer Kelly stated that he "verified by the review of the entire record that all statutory, regulatory and administrative requirements for the collection action has [sic] been met." He asked whether

petitioner had received the Form 4340, Certificate of Assessments, Payments and Other Specified Matters, which he had sent to petitioner. Petitioner replied that he had. Appeals Officer Kelly then asked whether petitioner had any collection alternatives to the tax lien. Petitioner did not respond to Appeals Officer Kelly's question. Rather, Ms. Zapert asserted that petitioner had been denied a meeting with Appeals before the notice of deficiency was issued. Bickering between Ms. Zapert and Appeals Officer Kelly ensued, and the meeting was terminated shortly thereafter. Petitioner never offered any collection alternatives during the meeting.

On March 1, 2002, a Notice of Determination Concerning Collection Action Under Section 6320 (Lien) of the Internal Revenue Code was sent to petitioner. In that notice, respondent determined that the filing of a Federal tax lien was an appropriate collection action. Petitioner then filed a petition with this Court under section 6330(d) disputing respondent's determination. See sec. 6320(c).

## OPINION

Section 6321 imposes a lien in favor of the United States upon all property and rights to property belonging to a person liable for unpaid taxes after demand for payment has been made. Within 5 business days after the day of filing the notice of lien, the Secretary must notify in writing the person against

whom the lien is filed (the taxpayer) that a tax lien was filed and inform the taxpayer of his right to a hearing before an impartial Appeals officer. Sec. 6320. Pursuant to section 6320(c) the hearing is to be conducted pursuant to the rules provided in subsections (c), (d) (other than paragraph (2)(B) thereof), and (e) of section 6330. If the Commissioner issues a determination letter adverse to the position of the taxpayer, the taxpayer may seek judicial review of the determination. Sec. 6330(d).

This Court has established the following standards of review in considering whether a taxpayer is entitled to relief from the Commissioner's determination:

> where the validity of the underlying tax liability is properly at issue, the Court will review the matter on a de novo basis. However, where the validity of the underlying tax liability is not properly at issue, the Court will review the Commissioner's administrative determination for abuse of discretion.

Sego v. Commissioner, 114 T.C. 604, 610 (2000).

Petitioner apparently has abandoned the positions he took in the attachment to Form 12153. At his section 6320 hearing, as well as at the trial in this case, petitioner claimed that respondent's filing of the tax lien against him should be "declared null and void" because he was denied an administrative hearing at the audit level before the issuance of the notice of deficiency. Petitioner's claim is meritless.

Section 6330(c)(2) sets forth those matters that may be raised at a section 6320 hearing. Specifically, pursuant to section 6330(c)(2)(A), a person may raise any relevant issue relating to the unpaid tax, including appropriate spousal defenses, challenges to the appropriateness of the Commissioner's proposed collection actions, and offers of collection alternatives. In addition, pursuant to section 6330(c)(2)(B), a person may challenge the existence or amount of the underlying tax liability if he/she did not receive a statutory notice of deficiency for the tax liability or did not have an opportunity to dispute it.

Whether petitioner was entitled to an administrative hearing at the audit level before the issuance of the notice of deficiency is not a relevant matter to be considered at the section 6320 hearing.

Petitioner received a notice of deficiency for 1997; the events that occurred, or did not occur, before the issuance of the notice of deficiency are not relevant matters that can be raised at the section 6320 hearing. Petitioner had an opportunity to dispute respondent's determinations, as set forth in the notice of deficiency, as well as the arbitrariness of those determinations. He failed to take advantage of this opportunity by timely petitioning this Court. Because petitioner received a notice of deficiency for 1997, the existence and/or

amount of petitioner's underlying 1997 tax liability is not a relevant issue to be addressed at the section 6320 hearing. See Sego v. Commissioner, supra at 609.

Petitioner was afforded an opportunity at the section 6320 hearing to raise all relevant issues as set forth in section 6330(c)(2)(A), including offers of collection alternatives. He failed to take advantage of that opportunity.[4]

Petitioner claims that there was an irregularity in the Form 4340 sent to him. As best we can understand petitioner's position, he complains that the Form 4340 was improperly signed by Kathleen R. Bushnell, Accounting Branch Chief. This argument is groundless.

Section 6301 provides that the Secretary has the power to collect taxes. That power can be delegated to IRS District Directors and in turn redelegated to local-level officials. See sec. 301.6301-1, Proced. & Admin. Regs.; Delegation Order No. 198 (Rev. 5), Sept. 7, 2001. "The delegation of authority down the chain of command, from the Secretary to the Commissioner of Internal Revenue, to local IRS employees constitutes a valid

---

[4]At trial, petitioner appeared to be willing to discuss compromising his 1997 tax liability. He did not, however, make any offer. Moreover, because petitioner failed to file a proper tax return for 1998, 1999, 2000, or 2001 and appeared unwilling to do so, the IRS (pursuant to its stated policy) would be precluded from considering any offer in compromise made by petitioner with respect to his 1997 unpaid tax liability. In any event, if petitioner seriously wanted to propose a collection alternative, he should have done so at the sec. 6320 hearing.

delegation by the Secretary to the Commissioner, and a redelegation by the Commissioner to the delegated officers and employees." Hughes v. United States, 953 F.2d 531, 536 (9th Cir. 1992) (citing section 301.7701-9, Proced. & Admin. Regs.).

The Internal Revenue Manual, pt. 21.2.3.4.2.1 (Oct. 1, 2002), provides that preparation of Form 4340 is "limited to a few authorized persons only. These employees are in the Compliance and Accounting Branch functions." The person signing the Form 4340 that related to petitioner's 1997 tax liability was the accounting branch chief of respondent's local district office, Kathleen R. Bushnell. Without contradictory evidence, we have no reason to doubt that Ms. Bushnell was authorized to sign the Form 4340.

Appeals Officer Kelly stated at the section 6320 hearing (and we have no reason to believe otherwise) that he verified that all statutory, regulatory, and administrative requirements for the collection action involved herein (i.e., the filing of a Federal tax lien) had been met, as required by section 6330(c)(1). Appeals Officer Kelly noted that (1) petitioner failed to file a proper 1997 Federal income tax return; (2) a statutory notice of deficiency was issued; (3) petitioner failed to contest respondent's determinations as set forth in the notice of deficiency; (4) an assessment of the deficiency was made; (5) proper balance due notices were issued; (6) when petitioner

failed to pay the assessed liabilities, a Federal tax lien was filed; (7) petitioner was notified by the notice of Federal tax lien filing that the lien had been filed; and (8) petitioner timely requested a hearing on Form 12153.

Appeals Officer Kelly was not required to rely on a particular document to satisfy the verification requirements of section 6330(c)(1). See Roberts v. Commissioner, 118 T.C. 365, 371 n.10 (2002), affd. 329 F.3d 1224 (11th Cir. 2003). He could have relied on Form 4340 or another document. We note that the record contains an individual master file transcript which would have enabled Appeals Officer Kelly to satisfy the section 6330(c)(1) verification requirements.

In sum, we conclude that respondent did not abuse his discretion in determining that the filing of a Federal tax lien in the instant situation was appropriate.

We now turn to whether, pursuant to section 6673, we should require petitioner to pay a penalty to the United States, and if so, the amount thereof. Section 6673 provides, in part, that whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or the taxpayer's position in the proceeding is frivolous or groundless, the Tax Court, in its decision, may require the taxpayer to pay to the United States a penalty not in excess of $25,000. Petitioner's positions in this case are groundless.

We have no doubt that petitioner, an educated individual, maintained this proceeding primarily to delay the day the IRS could collect taxes he owes for 1997.  Petitioner has wasted the time of respondent's representatives, as well as the time of this Court.  We therefore impose a penalty of $3,000 on petitioner under section 6673.

We have considered all the arguments and contentions made by petitioner, and to the extent not discussed herein, we conclude they are without merit and/or irrelevant.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.