T.C. Memo. 2002-243

UNITED STATES TAX COURT

CLYDE E. HACK AND CAROLE J. HACK, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6846-01L.          Filed September 25, 2002.

Clyde E. Hack and Carole J. Hack, pro sese.

<u>Rachael J. Zepeda</u>, for respondent.

MEMORANDUM OPINION

LARO, <u>Judge</u>:  Petitioners, while residing in Mesa, Arizona,
petitioned the Court under section 6330(d) to review respondent's
determination as to his proposed levy upon their property.
Respondent proposed the levy to collect a 1997 Federal income tax
liability (including an accuracy-related penalty and interest) of

approximately $630.77.[1]  Currently, the case is before the Court on respondent's motion for summary judgment under Rule 121 and to impose a penalty under section 6673.  Petitioners responded to respondent's motion by way of a general objection.

We shall grant respondent's motion for summary judgment and shall impose a $2,000 penalty against petitioners.  Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

<u>Background</u>

On April 15, 1998, petitioners filed a joint 1997 Federal income tax return in which they reported no wages, other income, or tax liability.  They entered zeros on every line of the return, but for the lines related to "Federal income tax withheld from Forms W-2 and 1099."  Petitioners claimed on the return a refund of $13,681.74 for withheld taxes.  They attached to the return a declaration stating in part that "this return is not being filed voluntarily," that petitioners "had 'zero' income according to the Supreme Court's definition of income", and that petitioners "can only swear to having 'zero' income in 1997."

Petitioners included with their return three 1997 Forms W-2, Wage and Tax Statement.  The first Form W-2 was from TEXMO Oil

---

[1] We use the term "approximately" because this amount was computed before the present proceeding and has since increased on account of interest.

Company Jobbers Inc. and reported that it had paid to Clyde Hack $432 in wages and withheld from those wages Federal income tax of $2.89. The second Form W-2 was from Systems & Computer Tech and reported that it had paid to Carole Hack $35,438.46 in wages and withheld from those wages Federal income tax of $6,374.45. The third Form W-2 was from Pilot Corporation and reported that it had paid to Clyde Hack $39,731.09 in wages and withheld from those wages Federal income tax of $7,304.20.

On July 16, 1999, respondent issued a notice of deficiency to petitioners. The notice determined that petitioners were liable for a $15,404.30 deficiency in their 1997 income tax and a $79.31 accuracy-related penalty under section 6662(a). Petitioners did not petition the Court with respect to the notice. Instead, on September 23, 1999, petitioners sent to respondent a letter entitled "Your Deficiency Notice dated July 16, 1999." Petitioners stated in this letter that the notice of deficiency was invalid because it was not sent by the Secretary and lacked a proper delegation of authority to the signatory; i.e., the director of the Ogden Service Center. On February 28, 2000, respondent assessed petitioners' tax liability for 1997 as per the notice of deficiency.

On August 3, 2000, respondent mailed to petitioners a "Final Notice - Notice of Intent to Levy and Notice of Your Right to a Hearing" (final notice). The final notice informed petitioners

of (1) respondent's intention to levy under section 6331 and (2) petitioners' right under section 6330 to a hearing with respondent's Office of Appeals (Appeals). Enclosed with the final notice was a copy of Form 12153, Request for a Collection Due Process Hearing.

On August 5, 2000, petitioners sent to respondent the Form 12153 requesting the referenced hearing. Petitioners attached to the Form a request that the hearing officer have at the hearing "the specific Code Section making me [petitioners] 'liable' for the income tax at issue, along with Form 23C" and "The delegation of authority from the Secretary authorizing such persons [IRS employees] to impose a 'frivolous' penalty." On January 10, 2001, respondent sent to petitioners a letter stating that petitioners were precluded by section 6330(c)(2)(B) from raising liability as an issue and that all other issues raised by petitioners were without merit. Respondent enclosed with that letter a transcript of petitioners' account.

On January 30, 2001, Appeals Officer Wiley Davis held with petitioners a hearing under section 6330. On May 8, 2001, respondent issued to petitioners duplicate Notices of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1997. These notices reflected the determination of Appeals to sustain the proposed levy.

On November 13, 2001, respondent sent to petitioners a Form 4340, Certificate of Assessments, Payments and Other Specified Matters. The Form 4340 was dated October 18, 2001, and related to 1997.

## Discussion

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after notice and demand for payment, the Secretary may collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of an Appeals Office hearing) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). In the case of such judicial review, the Court will review a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue. The Court will review the Commissioner's administrative determination for abuse of

discretion where the validity of the underlying liability is not properly at issue. <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000).

Here, respondent notified petitioners that he was proposing to levy upon their property in order to collect their Federal income tax debt for 1997. Petitioners requested the hearing referenced in section 6330, which was later held with Appeals. Following the determination by Appeals that respondent's proposed levy was proper, petitioners sought relief in this Court. Petitioners argue that the notices of determination were in error because, they allege: (1) The assessment was not valid; (2) the Appeals officer never received verification that the requirements of applicable law and procedure had been met; (3) the underlying tax liability was incorrect; (4) they never received a "valid" notice of deficiency; (5) they never received a notice and demand for payment; and (6) a frivolous return penalty under section 6702 was incorrect.

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no

genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

Petitioners have raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

Petitioners argue that respondent failed to make a valid assessment of their tax liability because he did not issue to them a Form 23C, Summary Record of Assessment. They assert that an assessment could not have been made on the basis of their tax return because "it shows no income taxes due and owing for 1997." We disagree with this argument. Federal tax assessments are formally recorded on a record of assessment. Sec. 6203. The summary record must "provide identification of the taxpayer, the character of the liability assessed, the taxable period, if applicable, and the amount of the assessment." Sec. 301.6203-1, Proced. & Admin. Regs. The transcript of account received by petitioners before the Appeals Office hearing contained all this

information. Petitioners have not demonstrated in this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in the transcript of account. See Mann v. Commissioner, T.C. Memo. 2002-48. We hold that the assessment made by respondent is valid. See Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Duffield v. Commissioner, T.C. Memo. 2002-53.

Petitioners next argue that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1). We disagree. Section 6330(c)(1) does not require the Commissioner to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) to satisfy this verification requirement. Kuglin v. Commissioner, supra; see also Weishan v. Commissioner, T.C. Memo. 2002-88. Petitioners received a transcript of their account, and the Appeals officer reviewed the transcript at the hearing. The use of computer-generated transcripts of account is a valid verification that the requirements of any applicable law or administrative procedure have been met. Roberts v. Commissioner, 118 T.C. 365 (2002); Mudd v. Commissioner, T.C. Memo. 2002-204; Howard v. Commissioner, T.C. Memo. 2002-81; Mann v. Commissioner, supra. We hold that the Appeals officer satisfied the

verification requirement of section 6330(c)(1). <u>Yacksyzn v. Commissioner</u>, T.C. Memo. 2002-99; cf. <u>Nicklaus v. Commissioner</u>, 117 T.C. 117, 120-121 (2001).

Petitioners argue further that their underlying tax liability is incorrect. We dismiss this argument as raised inappropriately. Given that petitioners received a notice of deficiency for the subject year, they are not allowed to contest either the validity or the amount of their tax liability. Sec. 6330(c)(2)(B) (individuals such as petitioners may only challenge the existence and amount of an underlying tax liability if they did not receive a notice of deficiency for the taxes in question or did not otherwise have an earlier opportunity to dispute the tax liability); see also <u>Sego v. Commissioner</u>, <u>supra</u> at 609; <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000).

Petitioners attempt to avoid the prohibition of section 6330(c)(2)(B) by arguing that the notice of deficiency issued to them was invalid because, they assert, it lacked a valid signature. We consider this argument frivolous. The Secretary or his delegate is authorized by statute to issue notices of deficiency, secs. 6212(a), 7701(a)(11)(B) and (12)(A)(i), and it is well established that the director of an Internal Revenue service center is an authorized delegate, e.g., <u>Hughes v. United States</u>, 953 F.2d 531, 536 (9th Cir. 1992); <u>Nestor v. Commissioner</u>, 118 T.C. 162 (2002); <u>Weishan v. Commissioner</u>,

supra. Moreover, petitioners had an opportunity to petition this Court to dispute the liability reflected in the notice of deficiency, but chose not to do so.

Petitioners argue further that they did not receive notice and demand for payment. We disagree. Petitioners received numerous notices, including the final notice. These notices satisfied requirements of section 6303(a) by informing petitioners of the amount owed and by requesting payment. Hughes v. United States, supra at 531.

Petitioners argue lastly that respondent assessed a section 6702 frivolous penalty for 1997. Petitioners are mistaken. The only penalty assessed by respondent is an accuracy-related penalty under section 6662(a).

For the foregoing reasons, we sustain respondent's determination as to the proposed levy as a permissible exercise of discretion. We now turn to the requested penalty under section 6673.

Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless. We have indicated our willingness to impose such penalties in collection review cases. Roberts v. Commissioner,

supra; <u>Pierson v. Commissioner</u>, 115 T.C. 576 (2000); <u>Hoffman v. Commissioner</u>, T.C. Memo. 2000-198.  Moreover, we have imposed penalties when the underlying tax liability was not at issue and the taxpayer raised frivolous and groundless arguments as to the legality of the Federal tax laws.  <u>Yacksyzn v. Commissioner</u>, <u>supra</u>; <u>Watson v. Commissioner</u>, T.C. Memo. 2001-213; <u>Davis v. Commissioner</u>, T.C. Memo. 2001-87.  We do the same here. Petitioners' arguments in this Court are mainly groundless and frivolous, and it appears to us that petitioners instituted and maintained this proceeding primarily for delay.  Pursuant to section 6673, we require petitioners to pay to the United States a penalty of $2,000.

We have considered all arguments made by the parties and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.