T.C. Memo. 2002-268


UNITED STATES TAX COURT


CARLIN BARTSCHI AND JOYCE A. BARTSCHI, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12729-01L.          Filed October 22, 2002.


Carlin Bartschi and Joyce A. Bartschi, pro sese.

<u>Anne W. Durning</u>, for respondent.


MEMORANDUM OPINION


LARO, <u>Judge</u>:  Petitioners, while residing in Gilbert,
Arizona, petitioned the Court under section 6330(d) to review
respondent's determination as to his proposed levy upon
petitioners' property.  Respondent proposed the levy to collect
Federal income taxes of approximately $19,884.28 for 1993,

$80,453.10 for 1995 and 6,617.30 for 1997.[1]  Currently, the case is before the Court on respondent's motion for summary judgment under Rule 121 and to impose a penalty under section 6673(a). Petitioners have filed with the Court a response to respondent's motion.[2]

We shall grant respondent's motion for summary judgment and shall impose a $2,500 penalty against petitioners.  Unless otherwise noted, section references are to the applicable versions of the Internal Revenue Code.  Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Petitioners filed Federal income tax returns for 1993, 1995, and 1997, and respondent assessed the Federal income tax liabilities shown on those returns.  Respondent assessed the 1993 liability on May 16, 1994, the 1995 liability on March 10, 1997, and the 1997 liability on December 28, 1998.

On November 7, 1999, respondent mailed to petitioners a letter, "Final Notice - Notice of Intent to Levy and Notice of

---

[1] We use the term "approximately" because these amounts were computed before the present proceeding and have since increased on account of interest.

[2] As part of their response, petitioners challenge as improper a declaration of respondent's counsel that accompanied respondent's motion for summary judgment.  The declaration describes certain documents contained in respondent's administrative file, all of which were submitted to the Court as part of respondent's motion for summary judgment.  We find petitioners' challenge disingenuous.

Your Right to a Hearing" (final notice). The final notice informed petitioners of (1) respondent's intent to levy upon their property pursuant to section 6331 and (2) petitioners' right under section 6330 to a hearing with respondent's Office of Appeals (Appeals). Enclosed with the final notice was a copy of Form 12153, Request for a Collection Due Process Hearing. On December 6, 1999, petitioners mailed to respondent a Form 12153 requesting the referenced hearing. Petitioners attached to the form an explanation of their disagreement with the proposed levy. The explanation stated:

> Income. (1) There was a failure to generate an assessment list; (2) There was a failure of the Commissioner to certify and transmit the assessment list (3) There was a failure to record the assessment; (4) failure to provide record of assessment; and, (5) failure to send Notice of Assessment.

On May 4, 2000, the Appeals officer sent to Carlin Bartschi (Mr. Bartschi) a letter informing him that Appeals had scheduled the requested face-to-face hearing for May 19, 2000. The Appeals officer also sent a copy of this letter to Joyce Bartschi. On May 13, 2000, Mr. Bartschi, a medical doctor, responded to the Appeals officer with a letter requesting that Appeals reschedule the hearing for the last week of July. Mr. Bartschi stated in his letter that he and his wife would be out of town on May 19, 2000. Mr. Bartschi also stated in his letter that petitioners could subsequently be requesting an even later hearing date because they were: (1) Waiting on responses to their requests

for records made under the Freedom of Information Act, 5 U.S.C. sec. 552 (2000), records he stated were necessary to prove the disagreements set forth in petitioners' request for the hearing, and (2) anticipating challenging in court a statement by the Appeals officer that only an attorney, certified public accountant, or enrolled agent could represent them at the hearing.

On May 18, 2000, the Appeals officer mailed to petitioners a letter stating that the hearing had been rescheduled for June 20, 2000.  The letter also stated that, if petitioners desired, the Appeals officer would reschedule the hearing for a date before, but not after, June 20, 2000.  The letter informed petitioners that the Appeals officer would make his determination on the basis of the information in the file if petitioners were unable to attend a face-to-face hearing before June 21, 2000.  Enclosed with the letter were certified transcripts, Forms 4340, Certificate of Assessments and Payments, of petitioners' accounts for 1993, 1995, and 1997, and a copy of Circular 230 which, the letter stated, "presents the Regulations governing practice before the Internal Revenue Service."

On June 3, 2000, Mr. Bartschi responded to the Appeals officer's latest correspondence with a letter requesting again that the Appeals officer reschedule the hearing for the last week of July.  This letter stated that petitioners were anticipating

making several Freedom of Information requests due, in part, to the documents enclosed with the May 18, 2000, letter. This letter also stated that petitioners had contacted someone to represent them at the hearing but that this person had not as of yet agreed to represent them and had informed them that he could not represent them until after July 15, 2000.

Appeals never responded to Mr. Bartschi's June 3, 2000, letter, or held a face-to-face hearing with either petitioner. Instead, on the basis of the above-mentioned letters and attached documents, Appeals issued to petitioners on July 13, 2000, a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 for 1993, 1995, and 1997. This notice reflected the determination of Appeals to sustain the proposed levy and advised petitioners that this Court is the proper forum in which to file a petition should petitioners decide to seek judicial review of the determination.

On August 11, 2000, petitioners filed a Complaint with the United States District Court for the District of Arizona. The Court dismissed that Complaint on September 5, 2001, for lack of subject matter jurisdiction. Bartschi v. Tracy, 88 AFTR 2d 2001-6223, 2001-2 USTC par. 50,672 (D. Ariz. 2001).

## Discussion

Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. <u>Fla. Peach Corp. v. Commissioner</u>, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(a) and (b); <u>Sundstrand Corp. v. Commissioner</u>, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994). The moving party bears the burden of proving that there is no genuine issue of material fact, and factual inferences are drawn in a manner most favorable to the party opposing summary judgment. <u>Dahlstrom v. Commissioner</u>, 85 T.C. 812, 821 (1985); <u>Jacklin v. Commissioner</u>, 79 T.C. 340, 344 (1982).

Petitioners have raised no genuine issue as to any material fact. Accordingly, we conclude that this case is ripe for summary judgment.

Section 6331(a) provides that if any person liable to pay any tax neglects or refuses to pay such tax within 10 days after

notice and demand for payment, the Secretary may collect such tax by levy on the person's property. Section 6331(d) provides that at least 30 days before enforcing collection by levy on the person's property, the Secretary must provide the person with a final notice of intent to levy, including notice of the administrative appeals available to the person.

Section 6330 generally provides that the Commissioner cannot proceed with collection by levy until the person has been given notice and the opportunity for an administrative review of the matter (in the form of a hearing before Appeals) and, if dissatisfied, with judicial review of the administrative determination. Davis v. Commissioner, 115 T.C. 35, 37 (2000); Goza v. Commissioner, 114 T.C. 176, 179 (2000). In the event of such a judicial review, the Court's standard of review depends on whether the underlying tax liability is at issue. The Court reviews a taxpayer's liability under the de novo standard where the validity of the underlying tax liability is at issue. The Court reviews other administrative determinations for abuse of discretion. Sego v. Commissioner, 114 T.C. 604, 610 (2000). A taxpayer's underlying tax liability may be at issue if he or she "did not receive any statutory notice of deficiency for such tax liability or did not otherwise have an opportunity to dispute such tax liability." Sec. 6330(c)(2)(B).

Petitioners assert in their petition two allegations of error in the Appeals officer's determination.[3]  First, petitioners argue that the Appeals officer failed to obtain verification from the Secretary that the requirements of all applicable laws and administrative procedures were met as required by section 6330(c)(1).  We disagree with this argument.  Section 6330(c)(1) does not require the Appeals officer to rely upon a particular document (e.g., the summary record itself rather than transcripts of account) in order to satisfy this verification requirement.  Kuglin v. Commissioner, T.C. Memo. 2002-51; see also Weishan v. Commissioner, T.C. Memo. 2002-88.  Nor does it mandate that the Appeals officer actually give a taxpayer a copy of the verification upon which the Appeals officer relied.  Sec. 6330(c)(1); sec. 301.6330-1(e)(1), Proced. & Admin. Regs.; see also Nestor v. Commissioner, 118 T.C. 162 (2002).  Given the additional fact that petitioners were actually given copies of the relevant Forms 4340, which are a valid verification that the requirements of any applicable law or administrative procedure have been met, Roberts v. Commissioner, 118 T.C. 365 (2002); Mudd v. Commissioner, T.C. Memo. 2002-204; Howard v. Commissioner, T.C. Memo. 2002-81; Mann v. Commissioner,

---

[3] Petitioners attempted to raise in their response to respondent's motion for summary judgment new issues as to the Appeals officer's determination.  Those issues are frivolous.  Moreover, they are not properly before the Court for decision.

T.C. Memo. 2002-48, we hold that:  (1) The assessments were valid, Kuglin v. Commissioner, supra; see also Duffield v. Commissioner, T.C. Memo. 2002-53, and (2) the Appeals officer satisfied the verification requirement of section 6330(c)(1), Yacksyzn v. Commissioner, T.C. Memo. 2002-99; cf. Nicklaus v. Commissioner, 117 T.C. 117, 120-121 (2001).  Petitioners have not demonstrated in this proceeding any irregularity in the assessment procedure that would raise a question about the validity of the assessment or the information contained in Forms 4340.  See Mann v. Commissioner, supra.

Second, petitioners argue that the Appeals officer made his determination without affording them a hearing.  Respondent replies that petitioners "were given ample opportunity for a face-to-face hearing."

Because petitioners allege that a hearing under section 6330 was not properly held, the question arises whether this Court should remand the case to Appeals to hold the hearing.  Such a question is the subject of Lunsford v. Commissioner, 117 T.C. 183 (2001).  There, the Court declined to remand the case to Appeals to hold a hearing at which to consider the taxpayer's arguments. The Court stated that the Court believed it neither "necessary or productive" to do so because "the only arguments that * * * [the taxpayers] presented to this Court were based on legal propositions which we have previously rejected."  Id. at 189.

The same is true here.  Apart from their contention about being denied a hearing, petitioners' only argument in this proceeding, as gleaned from the allegations of error that they set forth in their petition, is that the Appeals officer did not perform the required verification.  For the reasons stated above, we have rejected that argument in accordance with our firmly established jurisprudence.  Thus, as was true in Lunsford v. Commissioner, supra, and pursuant thereto, we consider it neither necessary or productive to remand this case to Appeals to hold a hearing.  We sustain respondent's determination as to the proposed levy as a permissible exercise of discretion.

We now turn to the requested penalty under section 6673.  Section 6673(a)(1) authorizes the Court to require a taxpayer to pay to the United States a penalty not in excess of $25,000 whenever it appears that proceedings have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceeding is frivolous or groundless.  We have repeatedly indicated our willingness to impose such penalties in lien and levy review proceedings.  Roberts v. Commissioner, supra.  Moreover, we have imposed penalties in such proceedings when the taxpayer raised frivolous and groundless arguments.  Yacksyzn v. Commissioner, supra; Watson v. Commissioner, T.C. Memo. 2001-213; Davis v. Commissioner, T.C. Memo. 2001-87.

In accordance with the firmly established law set forth above, we conclude that petitioners' positions in this proceeding are frivolous.[4]  We also conclude from the facts of this case that petitioners have instituted and maintained this proceeding primarily for delay.[5]  Accordingly, pursuant to section 6673, we require them to pay to the United States a penalty of $2,500.

We have considered all arguments and have found those arguments not discussed herein to be irrelevant and/or without merit.  To reflect the foregoing,

<u>An appropriate order and decision will be entered for respondent</u>.

---

[4] We also note that we recognize petitioners' response to respondent's motion for summary judgment as generally a repetition of the same language set forth in similar responses filed in this Court by other taxpayers challenging a lien or proposed levy.

[5] The fact that petitioners are not indifferent to wasting the judiciary's resources in an attempt to delay the respondent's collection of their tax liability is further evidenced by their having commenced an action first in Federal District Court. Petitioners commenced that action there after having received a notice of determination which recited that this Court, not a District Court, is the proper forum in which to litigate this matter.